## Case No. 15,044.

### UNITED STATES v. ELLIOT.

[3 Mason, 156.][1]

Circuit Court, D. Maine. May Term, 1823.

INDICTMENT—CONCLUSION—FALSE SWEARING.

1. If a statute offence is alleged in the indictment according to the words of the act, it is not vitiated by a conclusion, which calls the offence by a wrong name.

2. As if the offence be false swearing under the pension act of 1820, c. 51 [3 Story's Laws, 1778; 3 Stat. 569, c. 53], the indictment is not vitiated by the jurors' conclusion, "And so the jurors say, &c. &c. that the party did commit wilful and corrupt perjury."

Indictment [against Jedediah Elliot] for taking a false oath under the pension act of 1st of May, 1820, c. 51 [3 Story's Laws, 1778; 3 Stat. 569; c. 53]. Plea, not guilty. At the trial a verdict was found against the defendant.

Mr. Fessenden, for defendant, made two points of law on a motion in arrest of judgment: (1) That the act did not make the offence perjury in its technical sense, though it affixed to it the same punishment. (2) That the indictment having concluded in the usual form of indictments for perjury, "And so the jurors &c. do say, that the defendant did falsely, &c. commit wilful and corrupt perjury," the indictment was bad in substance if the offence was not perjury, and it was not helped by the previous particular description of facts in the indictment. He cited Plowd. 125; 3 Bac. Abr. "Indictment," H, 3; 2 Hale, P. C. 168, 169, 192; 1 Esp. 280.

Mr. Shepley, U. S. Dist. Atty. contended e contra on both points, and cited 2 Chit. Cr. Law, 291, (312); 1 Chit. Cr. Law, 156 (232).

STORY, Circuit Justice. The pension act of 1820, c. 51, § 2 [3 Story's Laws, 1778; 3 Stat. 569, c. 53], declares, that "any person, who shall swear or affirm falsely in the premises, and be thereof convicted, shall suffer as for wilful and corrupt perjury." We incline to think, that the act does not make the offence a technical perjury, but only refers to it, for the purpose of affixing the

1[Reported by William P. Mason, Esq.]

same punishment. The other objection is more important. But we think that the conclusion does not vitiate the indictment, if the offence is in other respects fully and exactly described; for it is but an inference of law from the premises; and if the jury mistook the nature of the offence, but have truly stated all the facts constituting it, it is sufficient, and the conclusion, "and so the jurors say &c." may be rejected as surplusage. In the previous part of this indictment, the offence is fully and exactly stated in the very words of the statute; and the party has been found guilty. If guilty of the offence, it is wholly immaterial whether it be perjury in the sense of the common law or not.

The motion in arrest of judgment must be overruled.