(May 9, 1916.)

## STATE, Respondent, v. CHARLES ALTWATTER, Appellant.

[157 Pac. 256.]

CRIMINAL LAW — INFAMOUS CRIME AGAINST NATURE — SODOMY — IN-
FORMATION — INCORRECT APPELLATION OF CRIME — ACCOMPLICE —
CORROBORATION—INSTRUCTIONS.

1. *Held,* that the information states facts sufficient to constitute a public offense.

2. Though an information give an erroneous appellation, or fail to give an appellation, to the offense, yet if the acts constituting the offense as defined by the statute are sufficiently stated, the requirements of the Penal Code in that respect are answered.

3. *Held,* that the words "infamous crime against nature" as used in sec. 6810, Rev. Codes, are not limited to the common-law crime of sodomy, but include not only the crime of sodomy, but also all unnatural carnal copulations, whether with man or beast, committed *per os* or *per anum.*

4. Mere presence at, acquiescence in, or silent consent to, the commission of an offense is not, in the absence of a duty to act, legally sufficient, however reprehensible it may be, to constitute one an accomplice. *Held,* that there is no evidence in the record to support the theory that witness Warner was an accomplice to the crime committed by defendant, within the statute requiring corroboration of the testimony of accomplices, he not having advised, aided, abetted, encouraged or assisted in its commission.

5. *Held,* that the court did not err in giving or refusing to give certain instructions to the jury.

[As to who is an accomplice, see note. in 138 Am. St. 273.]

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. William W. Woods, Judge.

Defendant was convicted of the infamous crime against nature. Appealed; judgment *affirmed.*

J. L. Seawell, for Appellant.

"A penetration of the mouth is not sodomy." (2 Bishop's Crim. Law, pp. 1193, 1194; Russell on Crimes, p. 693;

Wharton's Criminal Law, pp. 575–579; McClain's Crim. Law, p. 1153; *Prindle v. State,* 31 Tex. Cr. 551, 37 Am. St. 833, 21 S. W. 360; *Mitchell v. State,* 49 Tex. Cr. 535, 95 S. W. 500; *People v. Boyle,* 116 Cal. 658, 48 Pac. 800; *Kinnan v. State,* 86 Neb. 234, 125 N. W. 594, 21 Ann. Cas. 335, 27 L. R. A., N. S., 478; *Bailey v. State,* 57 Neb. 706, 73 Am. St. 540, 78 N. W. 284; *Harvey v. State,* 55 Tex. Cr. 199, 115 S. W. 1193; *Lewis v. State,* 36 Tex. Cr. 37, 61 Am. St. 831, 35 S. W. 372; *Commonwealth v. Poindexter,* 133 Ky. 720, 118 S. W. 943; *Davis v. Brown,* 27 Ohio St. 326; *State v. Johnson,* 44 Utah, 18, 137 Pac. 632.)

Whether one commits the crime or simply aids and abets it, he is guilty as principal. (*People v. Mills,* 41 Misc. Rep. 195, 83 N. Y. Supp. 947; *Drury v. Territory,* 9 Okl. 398, 60 Pac. 101; *Reeves v. Territory,* 10 Okl. 194, 61 Pac. 828.) "All who participate in a criminal enterprise are equally guilty of the crime committed by one of their number, in which the others, being present, either participate or are ready to assist." (*People v. Gooch,* 105 Mo. 392, 16 S. W. 892; *State v. Nelson,* 98 Mo. 414, 11 S. W. 997; *People v. Cotta,* 49 Cal. 166, 643; *State v. Murray,* 126 Mo. 526, 29 S. W. 590; *Sankey v. State,* 128 Ala. 51, 29 So. 578; *People v. Moran,* 144 Cal. 48, 77 Pac. 777.)

J. H. Peterson, D. A. Dunning and Herbert Wing, for Respondent.

"Modern lexicographers unite in giving the word 'sodomy' a broad and comprehensive definition, as is shown by the definition in the Century Dictionary, which is given as 'unnatural sexual relations, as between persons of the same sex or with beasts.' " (*Glover v. State,* 179 Ind. 459, 101 N. E. 629, 45 L. R. A., N. S., 473; *State v. Start,* 65 Or. 178, 132 Pac. 512, 46 L. R. A., N. S., 266.)

"The clause 'crime against nature' as used in our statute was so used intending to include therein every unnatural carnal copulation." (*State v. Whitmarsh,* 26 S. D. 426, 128 N. W. 580; *Herring v. State,* 119 Ga. 709, 46 S. E. 876.)

Misnomer of a crime in the information works no prejudice to the defendant if the offense is correctly described in the statement of facts. (*State v. Anderson*, 3 Nev. 254; *State v. Johnson*, 9 Nev. 175; *People v. Phipps*, 39 Cal. 326; *State v. Ansaleme*, 15 Iowa, 44; *United States v. Elliot*, 3 Mason, 156, Fed. Cas. No. 15,044; *State v. Gillett*, 92 Iowa, 527, 61 N. W. 169; *Brady v. Territory*, 7 Ariz. 12, 60 Pac. 698.) ·

"The general test to determine whether a witness is or is not an 'accomplice' is, could he himself have been indicted for the offense, either as principal or accessory. If he could not, then he is not an accomplice." (*State v. Ean*, 90 Iowa, 534, 58 N. W. 898; *Levering v. Commonwealth*, 132 Ky. 666, 136 Am. St. 192, 117 S. W. 253, 19 Ann. Cas. 140; *State v. Duff*, 144 Iowa, 142, 138 Am. St. 269, 122 N. W. 829, 24 L. R. A., N. S., 625.)

PER CURIAM.—The appellant was charged by information of the prosecuting attorney of Shoshone county, under sec. 6810, Rev. Codes, with the "infamous crime against nature" committed *per os*. Upon this charge he was tried, convicted and sentenced to the state penitentiary for a term of not less than five years. From the judgment he appeals to this court, and assigns a number of errors committed by the trial court, all of which will be discussed *seriatim*.

The first and principal contention of appellant is that the information does not state facts sufficient to constitute a public offense because, first, the information charges him with the crime of sodomy, which he contends cannot, under the common-law rule, be committed in the manner and form alleged in the information; and second, that sec. 6810, Rev. Codes, which prohibits the "infamous crime against nature," does not specifically define or describe the manner in which such a crime may be committed, and does not embrace or prohibit the act described in the information. He further contends that the legislature, when it enacted section 6810, *supra,* had in mind the common-law definition of the crime against nature, which is sodomy, and that as the act as charged in the in-

formation does not constitute the crime of sodomy, it does not constitute a violation of that statute.

With this contention we are not, however, in accord. Had the legislature intended that the crime of sodomy only was to be incorporated in and punished under section 6810, the statute in express terms would have been so limited. Sec. 6810, *supra,* makes no reference to sodomy, but reads as follows:

"Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

The language of this statute clearly shows that it was not the intention of the legislature to limit prosecutions to the crime of sodomy and to omit the inhibition and punishment of other infamous crimes against nature.

The questions raised here have been passed upon by numerous appellate courts both in this country and in England. We feel disposed to follow the more modern decisions, which, while not so numerous, yet are, we think, the better reasoned, and in keeping with the progress of civilization. We are not inclined to be controlled by fallacious precedents, technical and unwarranted distinctions enunciated in ancient decisions, and thus countenance the commission of one of the most heinous and unspeakable forms of crime. Especially do we feel justified in taking this position when supported by sec. 4, Rev. Codes, which provides: "The rule of the common law that statutes in derogation thereof are to be strictly construed, has no application to these Revised Codes. The Revised Codes establish the law of this state respecting the subjects to which they relate, and their provisions and all proceedings under them are to be liberally construed, with a view to effect their objects and to promote justice."

With this construction in mind, we are of the opinion that sec. 6810 is sufficiently broad to include not only the crime of sodomy, but also all unnatural carnal copulations, whether with man or beast. And we indorse the conclusions reached by the supreme court of South Dakota in the case of *State*

*v. Whitmarsh,* 26 S. D. 426, 128 N. W. 580, and the cases cited in support of that decision.

While it is true that the information in this case erroneously designates the offense as sodomy; yet this error was not prejudicial to any substantial right of appellant. An examination of the information indicates that the charge is correctly stated under the provisions ·of sec. 6810, *supra,* and the act was sufficiently described to inform appellant of the nature of the charge against him. (*State v. Anderson,* 3 Nev. 254; *State v. Johnson,* 9 Nev. 175.) In the case of *People v. Phipps,* 39 Cal. 326, the court said: "The objection to the indictment, that it fails to give the proper legal appellation to the crime, is not well taken; it is but an objection to matter of form, not tending to the prejudice of the defendant. The acts constituting the offense are sufficiently stated to give explicit information of the offense as defined by the statute, and the failure to insert the statutory appellation of the crime, in accordance with the form prescribed by section 238 of the Criminal Practice Act, does not vitiate." In the case of *State v. Ansaleme,* 15 Iowa, 44, an indictment was held to be good which did not correctly charge the name of the offense, but the charging part did correctly define the offense. To the same effect are the cases of *United States v. Elliot,* 3 Mason, 156, Fed. Cas. No. 15,044; *State v. Gillett,* 92 Iowa, 527, 61 N. W. 169; *Brady v. Territory,* 7 Ariz. 12, 60 Pac. 698.

We find no merit in appellant's next contention that witness Warner was an accomplice and that therefore there was no corroboration of the testimony of witness McCarthy. Mere presence at, acquiescence in or silent consent to the commission of an offense is not, in the absence of a duty to act, legally sufficient, however reprehensible it may be, to constitute one a principal, an accessory, an aider and abettor, or an accomplice. An accomplice is one who is joined or united with another; one of several concerned in a felony; an associate in a crime; one who co-operates, aids or assists in committing it. (*State v. Ean,* 90 Iowa, 534, 58 N. W. 898; *Levering v. Commonwealth,* 132 Ky. 666, 136 Am. St. 192, 117

S. W. 253, 19 Ann. Cas. 140; *State v. Duff*, 144 Iowa, 142, 138 Am. St. 269, 122 N. W. 829, 24 L. R. A., N. S., 625.)

There is no evidence in the record that would justify this court in reaching the conclusion that witness Warner was an accomplice in the perpetration of the bestial crime of which appellant was convicted.

We find no error in the action of the trial court in refusing to inform the jury of the nature or extent of the punishment for the commission of the crime charged in the information. In this particular case it was not the duty of the jury to fix the punishment, but to determine from the evidence beyond a reasonable doubt whether appellant was guilty of the crime with which he was charged.

We have examined the judgment entered by the court in this case and find that the same is in accord with the requirements of sec. 6810, Rev. Codes, and with the provisions of the indeterminate sentence law as contained in the Session Laws of 1911, p. 664.

We have examined, also, instructions 4, 5 and 6 given by the court and complained of by appellant. In our opinion these instructions clearly state the law. After an examination of the instruction offered by appellant and refused by the trial court, we are satisfied that the court did not err in refusing to give that instruction.

The judgment of the trial court is affirmed.