248 P.2d 222

**STATE v. WALL.**

No. 7779.

Supreme Court of Idaho.

July 23, 1952.

Robert E. Smylie, Atty. Gen., Wm. H. Bakes, Asst. Atty. Gen., and Wm. D. Mc-Farland, Prosecuting Atty., Coeur d'Alene, for appellant.

Harold S. Purdy, Coeur d'Alene, for respondent.

Davison & Davison and R. H. Copple, Boise, amici curiae.

TAYLOR, Justice.

The information charges the defendant with lewd and lascivious conduct under § 18–6607, I.C. The part of the charge with which we are concerned is as follows: "did then and there wilfully and lewdly commit a lewd and lascivious act upon or with the body of a minor child under the age of sixteen years, to-wit: Frederick Volavka of the age of ten years, with the intent of arousing, appealing to, or gratifying the lust or passion, or sexual desires of such person or of such child, by unzipping his pants and placing the penus of the said Frederick Volavke in the mouth of the defendant,". The defendant's demurrer challenges the constitutionality of the above statute upon the same grounds raised and considered in State v. Evans, 73 Idaho 50, 245 P.2d 788. As held and decided in that case, the statute is constitutional and the demurrer on such grounds is not well taken.

The one ground of demurrer with which we are here concerned is that which urges that the information charges two offenses, to-wit: lewd and lascivious acts on the body of a minor under sixteen, under § 18–6607, I.C., and the infamous crime against nature, under §§ 18–6605 and 18–6606, I.C.

■. The acts alleged are sufficient to charge the infamous crime against nature. State v. Altwatter, 29 Idaho 107, 157 P.

256; State v. Start, 65 Or. 178, 132 P. 512, 46 L.R.A.,N.S., 266; Ex parte De Ford, 14 Okl.Cr. 133, 168 P. 58; People v. Harris, 108 Cal.2d 84, 238 P.2d 158; People v. Angier, 44 Cal.App.2d 417, 112 P.2d 659; People v. Milo, 89 Cal.App.2d 705, 201 P. 2d 556; 58 C.J., Sodomy, §§ 1 and 2.

■ Obviously any acts going to the extent of actual commission of the infamous crime against nature, where the victim is a child under sixteen years of age, would also constitute a violation of § 18–6607, I.C., proscribing lewd and lascivious acts. So, any charge of the infamous crime against nature, committed on the person of such a minor, necessarily includes the crime of lewd and lascivious conduct. People v. Babb, 103 Cal.App.2d 326, 229 P.2d 843. It is also obvious that many lewd and lascivious acts may be committed against the person of a child under sixteen years of age which would not amount to the infamous crime against nature. It is for this reason that the two statutes are not regarded as conflicting. Storseth v. State, 72 Idaho 49, 236 P.2d 1004; Ex parte Dalton, 72 Idaho 451, 243 P.2d 594; State v. Evans, 73 Idaho 50, 245 P.2d 788.

■ It appears from the language of the information, and the commitment of the magistrate, that the prosecution has chosen to proceed against the defendant as a violator of § 18–6607, I.C. But, since under the facts, that is an included offense, the fact that he might have been prosecuted under the sodomy statute is a matter beyond the control of the defendant and of which he may not complain, for the reason that a conviction or acquittal of either is a conviction or acquittal of the other. §§ 19–107, R 19–1717, R 19–1718, R 19–1719, 18–301, I.C.; State v. Gutke, 25 Idaho 737, 139 P. 346; State v. Randolph, 61 Idaho 456, 102 P.2d 913; People v. Greer, 30 Cal.2d 589, 184 P.2d 512.

■ We have long held that an indictment or information may charge included offenses without violating the rule against charging more than one crime under RR 19–1413 and 19–1703, I.C. State v. Garney, 45 Idaho 768, 265 P. 668; State v. Alvord, 47 Idaho 162, 272 P. 1010; State v. Smailes, 51 Idaho 321, 5 P.2d 540; State v. Hix, 58 Idaho 730, 78 P.2d 1003; State v. Garde, 69 Idaho 209, 205 P.2d 504. No reason appears why a different rule should apply where the information charges the included offense initially, even though the acts relied upon may also establish the completed or higher offense. The demurrer should have been overruled. State v. Petty, 73 Idaho 136, 248 P.2d 218.

Judgment reversed.

GIVENS, C. J., and PORTER, J., concur.

KEETON, Justice (dissenting).

In this case the majority opinion holds that a charge of sodomy, Sec. 18–6605, I.C., could include, under the circumstances pre-

sented, the crime of lewd and lascivious conduct.

The punishment to be imposed for a violation of the sodomy statute may be imprisonment for 5 years. The punishment to be imposed for a violation of Sec. 18–6607, I.C. (lewd and lascivious conduct) is life imprisonment.

The opinion further holds that "* * * any charge of the infamous crime against nature, committed on the person of such a minor, necessarily includes the crime of lewd and lascivious conduct." The statement is obiter dictum and unnecessary to a decision in the case.

The opinion further says "* * * the prosecution has chosen to proceed against the defendant as a violator of § 18–6607, I. C. * * * under the fact, that is an included offense, * * *." This statement is likewise obiter dictum and in my opinion cannot be sustained by authority.

As pointed out in the dissenting opinion in State v. Petty (State v. Deane), 73 Idaho 136, 248 P.2d 218, a lesser offense, or included offense, is necessarily a lower degree of crime than the crime in which it is included.

Thus a charge of murder of the first degree necessarily includes the lower degree of crime of second degree, also manslaughter, the punishment for which in each case is less than the punishment for first-degree murder.

In this case the punishment for the supposed included offense is greater than the punishment prescribed for the commission of the offense in which it is claimed it is included. I do not adhere to this reasoning.

I discussed this proposition in the case of State v. Petty, supra, so will not repeat here what I there said.

The statute under which the prosecution was attempted is unconstitutional.

I referred to the confusion that would arise in attempting to uphold this statute, Sec. 18–6607, I.C., in the case of State v. Evans, 73 Idaho 50, 245 P.2d 788. I now think the confusion is already with us.

The judgment of the district court should be affirmed.

THOMAS, Justice (dissenting).

I adhere to the views expressed in the dissent of Justice KEETON and the dissent of the writer in the case of State v. Evans, 73 Idaho 50, 245 P.2d 788. For the reasons set forth in such dissenting opinions, the judgment of the lower court sustaining the demurrer to the indictment on the ground that Section 18–6607, Idaho Code, is unconstitutional, should be affirmed.