248 P.2d 218

**STATE v. PETTY.**

**STATE v. DEANE.**

Nos. 7778, 7780.

Supreme Court of Idaho.

July 23, 1952.

- Rehearing Denied Oct. 6, 1952.

Robert E. Smylie, Atty. Gen., Wm. H. Bakes, Asst. Atty. Gen., and Wm. D. Mc-Farland, Prosecuting Atty. Coeur d'Alene, for appellant.

Wm. S. Hawkins, Coeur d'Alene, for respondents.

Davison & Davison and R. H. Copple, Boise, amici curiae.

TAYLOR, Justice.

Pursuant to stipulation these cases involving identical issues were consolidated on appeal.

The defendants, respondents here, were separately charged by information with the crime of lewd and lascivious acts under the provisions of § 18-6607 I.C. The acts charged in each case are alleged to have been committed with and upon the body and person of a female child under the age of sixteen years. Demurrers to the information were filed raising the same issues in both cases. The demurrers were sustained by the trial court on the ground that the above statute is unconstitutional. As to constitutionality, the act is attacked here on the same grounds urged in the case of State v. Evans, Idaho, 245 P.2d 788. The decision in that case disposes of all issues in these cases except that raised by sub-paragraph (a) of the demurrers, which urges that more than one offense is charged. In State v. Evans, supra, the lewd and lascivious acts were alleged to have been committed against the person of a female child under the age of sixteen, but no intent to rape was there alleged. Each of the informations now before us sets forth certain lewd and lascivious acts with a female child under sixteen years of age, alleges that such acts were committed "with the intent of arousing, appealing to, and gratifying the lust and passion and sexual desires of said defendant and of said minor"

138

and continues "with the intent and purpose of having sexual intercourse with the said" minor child. Thus these informations charge the specific intent required by § 18–6607 I.C., and the specific intent required as an element of assault with intent to rape. §§ 18–901 I.C., 18–907 I.C., and 18–6101 I.C. The other elements of both crimes being sufficiently alleged, the informations charge both lewd and lascivious conduct and assault with intent to commit rape.

In State v. Evans, supra, we held that the charge of lewd and lascivious conduct did not necessarily include assault with intent to rape. That is, a person might commit lewd and lascivious acts upon and with the body of a female child under sixteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child, without the intent to have sexual intercourse. But the reverse is not true, because any acts leading to rape or assault with intent to rape, would be lewd and lascivious and would evince the intent described in § 18–6607, I.C. "* * * where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." People v. Greer, 30 Cal.2d 589, 184 P.2d 512 at 516; People v. Chapman, 81 Cal.App.2d 857, 185 P.2d 424.

The statutory rule against charging more than one offense (RR 19–1413 and 19–1703 I.C.) does not apply to included offenses. State v. Garney, 45 Idaho 768, 265 P. 668; State v. Alvord, 47 Idaho 162, 272 P. 1010; State v. Smailes, 51 Idaho 321, 5 P.2d 540; State v. Hix, 58 Idaho 730, 78 P.2d 1003; State v. Garde, 69 Idaho 209, 205 P.2d 504. Where the state elects to charge and prosecute on an included offense rather than on the completed or higher offense the information is not subject to challenge for duplicity even though it may appear therefrom that the completed or higher offense had been committed. State v. Wall, 73 Idaho 142, 248 P.2d 222. The matter of determining which of two or more applicable criminal statutes will be invoked is for the State to decide. It is not a matter of concern to the accused so long as his constitutional and statutory rights are not violated. State v. Gutke, 25 Idaho 737, 139 P. 346. In the case of included offenses he is protected against double jeopardy since a conviction or acquittal of one is a conviction or acquittal of the other. §§ 19–107, R 19–1717, R 19–1719, 18–301 I.C.; State v. Gutke, supra; State v. Randolph, 61 Idaho 456, 102 P.2d 913; People v. Greer, 30 Cal. 2d 589, 184 P.2d 512.

It is a right of the accused to be informed of the exact charge against him. He is entitled to know for what specific offense he is to be tried. Art. 1, § 13, Idaho Constitution; RR 19–1409, 19–1411, 19–1418 and 19–1514 I.C. Here it is apparent from the complaints filed with the magistrate, and the informations, that the state seeks to invoke § 18–6607 I.C. and to prosecute the defendants for lewd and lascivious con-

duct. And this is the particular offense specifically named in the orders of the committing magistrate. The allegation in the informations of an intent to have sexual intercourse is, therefore, surplusage, subject to be striken on motion of the defendants. In any event, to be treated as such.

The demurrers should have been overruled.

Judgments reversed.

GIVENS, C. J., and PORTER, J., concur.

KEETON, Justice (dissenting).

Following a commitment by the probate judge of Kootenai County, Idaho, the prosecuting attorney filed an information against the respondent, in part as follows:

"That the said James Petty is hereby accused by Wm. D. McFarland, Prosecuting Attorney of Kootenai County, State of Idaho by this information with the crime of Committing Lewd and Lascivious Acts Upon the Body of a Minor Committed as Follows, to-wit: * * *. the said defendant James Petty did then and there feloniously, maliciously, wilfully, and lewdly commit lewd and lascivious acts upon, and with the body of * * *, a female minor, under the age of 16 years, to-wit: 15 years of age, and not the wife of said defendant, as follows: * * *"

Following this the prosecutor detailed various acts of an indecent nature alleged to have been committed by the respondent for the purpose of arousing, appealing to, and gratifying the lust and passion and sexual desires of said respondent and of said minor child, "with the intent and purpose of having sexual intercourse with the said * * *."

The respondent was arraigned, and by proper motion asked to be informed just what crime was alleged to have been committed.

The prosecutor elected to proceed and prosecute the respondent "for lewd and lascivious acts upon the body of a minor, as defined by Sec. 18–6607 Idaho Code". Thereupon, the respondent presented a demurrer to the information on various grounds, among which are the following: first, that more than one offense is charged in the information; 2nd, that Sec. 18–6607 I.C. is unconstitutional for numerous reasons alleged; further that the said Sec. 18–6607 I.C. is uncertain, vague and unintelligible, as it is impossible to determine from the section just what acts are made criminal.

The respondent contended that the section was in violation of the 14th amendment to the Constitution of the United States which provides "no state shall make or enforce any law which shall * * * nor deny to any person within its jurisdiction the equal protection of the laws.", and further contended that it was in violation of

Sec. 6, Art. 1, of the Constitution which, among other things provides: "* * * Excessive bail shall not be required, nor excess fines imposed, nor cruel and unusual punishments inflicted."

The district judge sustained the demurrer on all the grounds alleged and dismissed the proceedings. The State appealed.

I discussed briefly the constitutionality of the statute in question in a dissenting opinion in the case of State v. Evans, 73 Idaho 50, 245 P.2d 788. I will not repeat here what I there said, as the dissenting opinion is applicable to the matter now being considered as well as to the case of State v. Evans. The statute, Sec. 18–6607 I.C., in my opinion, is clearly unconstitutional.

In this case, as in the case of State v. Evans, the attorney general argued that the provision of the law challenged here was inconsistent with other defined sex offenses and that the same were therefore necessarily impliedly repealed, so far as covered by the statute under discussion; and further contended that if such inconsistent statutes and penalties, particularly those that provided a lesser penalty for their violation were not impliedly repealed, then, of course, the statute was unconstitutional as not affording equal protection of the law to all persons.

The holding of the majority opinion "* * * any acts leading to rape or assault with intent to rape, would be lewd and lascivious and would evince the intent described in § 18–6607, I.C." (lewd and lascivious statute), and "The statutory rule against charging more than one offense * * * does not apply to included offenses. * * * Where the state elects to charge and prosecute on an included offense rather than on the completed or higher offense the information is not subject to challenge for duplicity even though it may appear therefrom that the completed or higher offense had been committed."

If I correctly interpret this holding, one could be charged with rape under circumstances defined by the statute under consideration, Sec. 18–6607 I.C., and convicted of a violation of the lewd and lascivious statute as an included offense.

In other words, a violation of the lewd and lascivious statute, Sec. 18–6607 I.C., is a lesser offense than rape, Sec. 18–6101 I.C., or assault with intent to commit rape, Sec. 18–907 I.C. Thus a person could be put on trial for rape in violation of Sec. 18–6101 I.C., with a minimum sentence provided in Sec. 18–6104 I.C. of one year imprisonment, and on conviction of the asserted lesser offense, a violation of the lewd and lascivious statute, be sentenced to the penitentiary for life.

This case was not argued to this Court on any such grounds. The attorney general and the attorneys representing the respondent made no argument, nor did they or either file any briefs on the points supposed to be decided. On the points decided the re-

spondent has never been heard. A lesser offense is necessarily one in which the punishment to be imposed is less than the punishment that could be imposed were the person convicted of the higher offense. An included offense is necessarily a lesser and not a greater offense.

The term "lesser offense" in statute prohibiting sentence or finding of guilt for lesser offense than offense charged means offense necessarily included in offense defined in particular section of act. Ramsey v. State, 204 Ind. 212, 183 N.E. 648.

A proper distinction between "included and non-included offenses" in a criminal statute is whether they involve essentially same or different elements of conduct, and if both offenses have a common basis, the greater offense is usually deemed to include the lesser. People v. Gossman, 95 Cal.App. 2d 293, 212 P.2d 585. See also People v. Chapman, 81 Cal.App.2d 857, 185 P.2d 424, and People v. Greer, 30 Cal.2d 589, 184 P.2d 512.

The rule is stated in 42 C.J.S., Indictments and Informations, § 271, p. 1294, in substance as follows: Where an indictment charges an offense which includes within it another *lesser* offense, or one of a lower degree, accused although acquitted of the higher offense, may be convicted of the lesser; and at page 1297, Sec. 275, the author states:

"To warrant conviction of a lesser offense on an indictment or informa- tion charging a greater offense, it is essential that the allegations describing the greater offense contain all the essential averments relating to the lesser offense or that the greater offense necessarily include all the essential ingredients of the lesser."

It is further a statutory rule that an indictment can only charge one offense. Sec. 19–1413, I.C.

A similar criminal act or transaction cannot be split into two or more separate offenses. The same act or transaction cannot constitute two or more crimes, the essential elements of which are mutually exclusive. If the essential elements of two crimes are distinct and different and the one crime cannot be included in the other, a person cannot be guilty of both crimes under the same set of facts.

"Where certain elements of crime charged may be taken away, leaving necessary elements for another complete crime, latter is termed 'included offense,' ". State v. Marshall, 206 Iowa 373, 220 N.W. 106.

It seems to me the holding in the majority opinion goes so far afield from well known, established, fundamental, axiomatic propositions of law and procedure, that no extensive discussion should be required to lead one to the conclusion that lewd and lascivious conduct is not and cannot be included as a lesser offense in a charge of assault with intent to commit rape, or rape. The two crimes are distinct and altogether

different offenses. A violation of one section does not violate the other.

What has been said in the case of State v. Petty applies equally to the case of State v. Deane. The facts are similar and hence will not be separately commented on.

For the above and other reasons, the ruling of the trial court was correct and should be affirmed.

THOMAS, Justice (dissenting).

I adhere to the views expressed in the dissent of Justice KEETON and the dissent of the writer in the case of State v. Evans, 73 Idaho 50, 245 P.2d 788. For the reasons set forth in such dissenting opinion, the judgment of the lower court sustaining the demurrer to the indictment on the ground that Section 18–6607, Idaho Code, is unconstitutional, should be affirmed.