Dean A. SCHWARTZMILLER, Plaintiff,

v.

Darrel GARDNER, Warden, Idaho State
Correctional Institution and the State
of Idaho, Defendants.

Civ. No. 81–1304.

United States District Court,
D. Idaho.

July 20, 1983.

Michael E. Donnelly, Boise, Idaho, for plaintiff.

Robert R. Gates, Deputy Atty. Gen., Boise, Idaho, for defendants.

## OPINION

RAY McNICHOLS, District Judge.

Before the Court is the petition of Dean A. Schwartzmiller for a Writ of Habeas Corpus. Schwartzmiller was convicted under Idaho Code § 18–6607, which prohibits lewd and lascivious conduct with a minor. He challenges the constitutionality of the statute on several grounds. The case is on remand from the Court of Appeals, 692 F.2d 765, which reversed this court's dismissal of Schwartzmiller's petition for failure to exhaust state remedies. The Court thus considers for the first time the merits of Schwartzmiller's constitutional challenge.

Schwartzmiller questions the constitutionality of the statute on the following bases: (1) that the statute as interpreted by the courts of Idaho is void for vagueness;

(2) that the statute as applied creates a conclusive presumption of specific intent which denies due process of law; (3) that the statute as applied denies due process by precluding evidence of a mature minor's consent to the acts; (4) that the statute denies equal protection in two ways: (a) by creating an arbitrary, capricious and unreasonable classification of minors and (b) because he could have been charged under a less severe statute; and (5) that the statute's provision for life imprisonment imposes cruel and unusual punishment. Because the vagueness challenge is the more serious, it will be discussed first. The other arguments will be taken in the order listed above.

## VAGUENESS

### STANDARD OF REVIEW

The court's analysis of the language of this statute is guided by the most recent Supreme Court pronouncement on the vagueness doctrine. In *Kolender v. Lawson,* —— U.S. ——, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983) the Court declared unconstitutionally vague a California law requiring persons on the streets to provide "credible and reliable" identification when so required by a police officer. The law was deemed to violate the Due Process Clause of the Fourteenth Amendment because it failed to define what was meant by "credible and reliable". The reasoning employed by the Court is directed applicable to Schwartzmiller's vagueness challenge.

The void-for-vagueness doctrine requires that a penal statute define a criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Village of Hoffman Estates v. Flipside,* 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982). This two pronged standard implicates the following general principles:

Vague laws offend several important values. First, because we assume that man

is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant danger of arbitrary and discriminatory applications. (footnotes omitted).

*Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972).

The two prongs are not equally weighted as the more crucial element of vagueness doctrine "is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement." *Kolender,* —— U.S. at ——, 103 S.Ct. at 1858, quoting *Smith v. Goguen,* 415 U.S. 566, 574, 94 S.Ct. 1242, 1247, 39 L.Ed.2d 605 (1974). The second element is more important because if minimal guidelines are not provided, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilection." *Kolender,* —— U.S. at ——, 103 S.Ct. 1858–59, quoting *Smith,* 415 U.S. at 575, 94 S.Ct. at 1248.

A court must first look to the operative language prohibiting certain conduct. If the words employed are vague on their face, a court must then look to any interpretation given the statute by the state Supreme Court. "For the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation 'we must take the statute as though it read precisely as the highest court of the State has interpreted it.' *Minnesota ex rel. Pearson v. Probate Court,* 309 U.S. 270, 273 [60 S.Ct. 523, 525, 84 L.Ed. 744] (1940)." *Wain-*

*wright v. Stone,* 414 U.S. 21, 22–23, 94 S.Ct. 190, 192–193, 38 L.Ed.2d 179 (1973). This Court will thus examine I.C. § 18–6607 in light of applications given it by the Idaho Supreme Court.

*Kolender* is most instructive for what it says about potential challengers of vague statutes. In *Kolender* the majority rejected any distinction between vagueness and overbreadth analysis in determining who may properly prosecute a facial challenge. *Kolender,* —— U.S. at ——, 103 S.Ct. at 1859, n. 7. The Court dismissed the following statement from *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974), "one to whose conduct a statute clearly applies may not successfully challenge it for vagueness", *id.* at 756, 94 S.Ct. at 2562, as simply a product of a less vigorous analysis because military society was involved. *Kolender,* —— U.S. at ——, 103 S.Ct. at 1859, n. 8. Similarly, the Court distinguished the *Hoffman Estates* proposition that "To succeed, however, the complainant must demonstrate that the law is impermissibly vague in all its applications." *Hoffman Estates,* 455 U.S. at 497, 102 S.Ct. at 1193. This rule did not apply as the ordinance in *Hoffman Estates* regulated business activity and "economic regulation is subject to a less strict vagueness test because its subject matter is often more narrow." *Kolender,* —— U.S. at ——, 103 S.Ct. at 1859 n. 8, quoting *Hoffman Estates,* 455 U.S. at 498, 102 S.Ct. at 1193. The majority's analysis thus rejected several old rules which prevented some vagueness challenges, thereby broadening the pool of permissible challengers of vague statutes.

The Court's *Kolender* reasoning has dramatic implications for all vagueness challenges, including Dean Schwartzmiller's. In this Court's view, Schwartzmiller can succeed if he can demonstrate that I.C. § 18–6607 as interpreted by the Idaho Supreme Court fails to provide fair warning of what conduct is prohibited. *Grayned v. City of Rockford,* 408 U.S. 108, 92 S.Ct. 2298 (1972). And, even if Schwartzmiller had

notice that his actions were barred, he may prevail if he can show that the legislature has failed to establish minimal guidelines to govern law enforcement. *Kolender,* —— U.S. at ——, 103 S.Ct. at 1858. With this framework in mind the court now turns to the actual Idaho statutory scheme.

## THE IDAHO STATUTE

Idaho Code § 18–6607 is entitled "Lewd conduct with minor or child under sixteen". It reads as follows:

> Any person who shall willfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such minor or child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

Because the Idaho Court has entertained a similar challenge this Court does not write on a clean slate. In *State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952) the Idaho Court upheld the lewd and lascivious conduct statute against a vagueness challenge. While this Court will not review the substance of the state court's decisions, it must analyze the statute "as the highest court of the State has interpreted it," *Wainwright v. Stone,* 414 U.S. 21, 22–23, 94 S.Ct. 190, 192, 38 L.Ed.2d 179 (1973) and in light of any "limiting construction that a state court or enforcement agency has proffered." *Kolender,* —— U.S. ——, 103 S.Ct. at 1851, quoting *Hoffman Estates,* 455 U.S. at 494, 102 S.Ct. at 1191.

In *Evans* the Idaho Court referenced Webster's New International Dictionary, 2d Ed., Unabridged to define lascivious to mean wanton, lewd, lustful, licentious, lecherous, libidinous, and salacious and lewd to mean licentious, lecherous, dissolute, sensual, debauched, impure, obscene, salacious and pornographic. *Evans,* at 56, 245 P.2d 788. The court stated that lewd and lascivious were words in common use whose defi-

nitions put people of ordinary knowledge on notice of what conduct was outlawed. *id.* Also, by noting that lewdness was a crime at common law (though only public acts of indecency), the Idaho Court had no trouble in finding that "lewd" and "lascivious" were not unconstitutionally vague.

A second reason for the court's ruling was its analysis of the specific intent language of the statute. The court reasoned that because the specific intent requirement limited the prohibited conduct to acts committed with such intent, due process was guaranteed. The court apparently believed that even if lewd and lascivious were vague words, the statute's reference to "passions", "aroused", and "sexual desires" fairly notified people of ordinary intelligence what acts were outlawed. This view was not shared by two dissenters who stated:

> It seems to me it is practically impossible, with any degree of certainty, to determine just what conduct is prohibited by I.C. § 18–6607. No one who has presented the matter to the Court has agreed with anyone else on what it is supposed to mean, or just what conduct is prohibited and made criminal. The statute itself fixes no standards, nor does it give any definition of its terms. Whether the statute is meant to be in lieu of other criminal offenses coming within its terms, the statute does not say.

*Evans,* 73 Idaho at 63, 245 P.2d 788 (Keeton, J., dissenting).

The Idaho Court has consistently, most recently in *State v. Herr,* 97 Idaho 783, 554 P.2d 961 (1976), upheld the statute from an attack on vagueness grounds. It has always done so summarily, never reexamining its *Evans* rationale.

The Idaho Court has also, in specific factual situations, applied the statute to various kinds of conduct. Application of the statute to specific acts may serve to notify citizens that the articulated acts fall within the ambit of "lewd and lascivious". Without doting on the circumstances of each case, the Court notes the following applica-

tions of I.C. § 18–6607. The statute has been applied to sexual assault by an adult male on a minor female, *State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952); assault with intent to have sexual intercourse by an adult male on a minor female, *State v. Petty,* 73 Idaho 136, 248 P.2d 218 (1952), appeal dismissed 345 U.S. 938, 73 S.Ct. 834, 97 L.Ed. 1364 (1953); oral-penile contact by an adult male and minor male, *State v. Wall,* 73 Idaho 142, 248 P.2d 222 (1952); statutory rape of a minor female and un-named conduct with a minor male, *State v. Shannon,* 95 Idaho 299, 507 P.2d 808 (1973); sodomy or attempted sodomy by minor male on minor female, *State v. Iverson,* 77 Idaho 103, 289 P.2d 603 (1955); and voluntary sexual intercourse between adult male and minor female, *State v. Herr,* 97 Idaho 783, 554 P.2d 961 (1976).

The only other Idaho Supreme Court decision entailing I.C. § 18–6607 which is relevant here is *State v. Schwartzmiller,* 99 Idaho 18, 576 P.2d 1052 (1978), a conviction of this same habeas petitioner for anal intercourse with a minor male. In that appeal Schwartzmiller raised the same contentions he does here, including the vagueness question. The Idaho Supreme Court over-turned his conviction on procedural grounds thereby properly avoiding the constitutional issues. He was never retried for those incidents.

The above itemized cases fully detail, for vagueness purposes, the Idaho Court's interpretation and application of I.C. § 18–6607. Against this statutory and judicial backdrop the Court now turns to the merits of Schwartzmiller's challenge.

## THE MERITS

Schwartzmiller maintains that all of the following phrases are so patently lacking common, well-understood definitions, that they render the statute unconstitutionally vague: "lewd or lascivious act"; "any part or member thereof"; and "arousing, appealing to or gratifying lust or passions or sexual desires". He cites no legal authority nor does he credibly argue that people of ordinary intelligence do not know what body parts are or what lusts, passions, and sexual desires refer to. The Court thus rules without hesitation that these phrases are sufficiently definite, when used in combination, to pass constitutional muster. The focus of this analysis thus concerns the statutory proscription of "lewd or lascivious" acts.

Other courts have struggled with this same question. Several courts have found identical or similar language insufficiently certain to comply with due process standards: *District of Columbia v. Walters,* 319 A.2d 332 (1974) (lewd, obscene or indecent act); *Pryor v. Municipal Court for Los Angeles,* 25 Cal.3d 238, 158 Cal.Rptr. 330, 599 P.2d 636 (1979) (lewd or dissolute act); *Jellum v. Cupp,* 475 F.2d 829 (9th Cir.1973) (an act of sexual perversity, judicially limited to "unnatural conduct" and "abnormal sexual satisfaction"); *Miami Health Studios, Inc. v. City of Miami Beach,* 353 F.Supp. 593 (S.D.Fla.1973) (lewdness shall be described to include any indecent or obscene act); *Morgan v. City of Detroit,* 389 F.Supp. 922 (E.D.Mich.1975) (and "other lewd immoral acts"); *State v. Kueny,* 215 N.W.2d 215 (Iowa 1974) (open or gross lewdness or open and indecent exposure); and *Balthazar v. Superior County of Com. of Mass.,* 573 F.2d 698 (1st Cir.1978) (unnatural and lascivious acts). This list is not exhaustive, nor does it include opinions overturning statutes using similar language, but which implicate some 1st Amendment right. Infringement of some 1st Amendment right would, of course, be examined even more closely. This is, though, a representative sample of statutory language which other courts have found so indefinite as to deny due process.

The Court is also aware of opinions up-holding statutes similar to I.C. § 18–6607: *Lovelace v. Clark,* 83 Ariz. 27, 315 P.2d 876 (1957) (commit, in unnatural manner, any lewd or lascivious act); *State v. Bateman,* 113 Ariz. 107, 547 P.2d 6 (1976) (crime against nature); and *Franklin v. State,* 257 So.2d 21 (Fla.1971) (lascivious acts). In ad-

dition, statutes proscribing sodomy are almost universally upheld. *See, e.g.,* 70 Am. Jur.2d *Sodomy* § 2. Thus both the petitioners and the state can present case authority to support their positions. Arguably, some may be more on point than others. But the key to this petition is whether Idahoans of ordinary intelligence were on notice of what conduct the statute proscribes, and more importantly, whether the legislature provided legally fixed standards to guide law officers, judges and juries in carrying out the statute's prohibitions.

The Court's first inquiry is whether the terms "lewd" and "lascivious" have well defined, generally accepted meanings. If these terms have meanings of general import, this Court is unaware of what they are. A perusal of dictionaries sheds little light on the question as the definitions contain no descriptions or names of acts, but only synonyms which vaguely attempt to refer to the same conduct. This fact is well exemplified in *State v. Evans,* 73 Idaho 50, 245 P.2d 788 (1952) where the Idaho Court simply listed the following terms to define lewd and lascivious: wanton, lewd (to mean lascivious), lustful, licentious (twice), lecherous (twice), libidinous, salacious (twice), dissolute, sensual, debauched, impure, obscene, and pornographic. *id.,* at 56, 245 P.2d 788. It ought be apparent to all, as it is to this Court, that the Idaho Court's queueing up of an imposing list of synonyms does little to clarify what conduct is forbidden. Rather, it serves to muddle an already murky statute. "In short, vague statutory language is not rendered more precise by defining it in terms of synonyms of equal or greater uncertainty." *Pryor v. Municipal Court for Los Angeles,* 25 Cal.3d 238, 158 Cal.Rptr. 330, 599 P.2d 636, 642 (1979).

█ The statute's downfall is its absolute failure to list any of the acts which will subject one to its punishment. Rather, it vaguely hints of sexual overtones and the terms "lewd" and "lascivious" simply lack such well accepted, commonly understood definitions to give "sufficient warning that men may conduct themselves so as to avoid that which is forbidden". *Rose v. Locke,* 423 U.S. 48, 50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). Neither is this a case where the offending language is rendered more explicit because it is combined with some other more precisely defined word. The Court thus concludes that the plain language of § 18–6607 is insufficiently definite to inform persons of ordinary intelligence what is outlawed and to provide law officers, judges, and juries legally fixed standards to guide enforcement.

Because on its face § 18–6607 cannot pass constitutional muster, the court turns to any limiting construction given the statute by the Idaho Supreme Court. *Wainwright v. Stone,* 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973). Because *Evans* is Idaho's most important analysis of § 18–6607, the Court begins there. The Court has already rejected the Idaho Court's listing in *Evans* of dictionary definitions as inadequate to describe the prescribed conduct. The Court thus looks to other portions of the opinion which purport to support its rationale.

In *Evans* the Idaho Court noted that lewdness was a crime at common law, and that it banned the same conduct inhibited by the statute. The observation is not comforting to this Court. At common law, unlike in Idaho, only public acts of "lewdness" were banned. Thus, Idahoans were at their peril to guess which aspects of common law lewdness were incorporated into Idaho law. They could not tell upon reading the statute, but were impelled to await jury application and post hoc court interpretation of the statute. Further, neither the common law nor § 18–6607 describes any acts. Thus, reference to common law "lewdness", itself a cryptic term generally capable of dramatically divergent definition, cannot serve to render an otherwise unconstitutionally vague statute sufficiently definite.

The Court is also unpersuaded by the statute's requirement of specific intent.

The statute outlaws only such lewd and lascivious acts as are committed with the intent to arouse, appeal, or gratify lust, passions or sexual desires. In *Evans,* the Idaho Court stated "the forbidden acts and conduct are further limited and defined by the specific intent required by the statute." *Evans,* 73 Idaho at 57, 245 P.2d 788. This statement is misleading at best, begs the question at least, and is not supported by a close reading of the statute. The specific intent language in no way further "defines" the forbidden acts. And, while it limits the statute's focus to lewd and lascivious acts committed with the requisite intent, it does not clarify what ACTS are proscribed and does not purport to. It simply adds a constitutionally necessary element of specific intent. As with the dictionary definitions of "lewd" and "lascivious" and the reference to the common law, the government's reliance on the *Evans* rationale re specific intent is insufficient to render § 18–6607 constitutional. Without more, the plain language of the statute as interpreted by the Idaho Court provides neither adequate notice nor sufficient legal guidelines for enforcement to guarantee due process.

The Court next turns to other Idaho cases which have dealt with § 18–6607. Consistent with *Wainwright v. Stone,* 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973), any Idaho Supreme Court cases which have applied § 18–6607 to specific acts will provide both adequate notice to the public that those acts are outlawed and a sufficient legal standard to guide law enforcement in subsequent cases dealing with those acts. Without once again detailing the Idaho decisions, the Court notes that none apply § 18–6607 to masturbation or to intercourse "per anum" between two males. Thus, previous applications of the statute to specific acts failed to provide Schwartzmiller with notice that his acts were barred by § 18–6607.

As noted before, the Idaho Court has never reexamined the original *Evans* rationale which this Court finds constitution-

ally suspect. But, in one case the Court did overrule a district court's demurrer to an indictment under § 18–6607. In *State v. Wall,* 73 Idaho 142, 248 P.2d 222 (1952) the Court reinstated an indictment based on a charge of oral-penile contact between two males. In so doing the Court stated the following:

> Obviously any acts going to the extent of actual commission of the infamous crime against nature, where the victim is a child under sixteen years of age, would also constitute a violation of § 18–6607, I.C., proscribing lewd and lascivious acts. So, any charge of the infamous crime against nature, committed on the person of such a minor, necessarily includes the crime of lewd and lascivious conduct, (citation omitted).

*Wall* at 144, 248 P.2d 222.

The obvious import of this language, however void of legal reasoning it may be, is that in Idaho commission of an infamous crime against nature on a minor will render the perpetrator subject to the provisions of § 18–6607. This interpretation serves Schwartzmiller, as well as anyone else, with notice that crimes against nature with children are also lewd and lascivious acts. And, while the *Wall* analysis does little to guide law enforcement officers in generally enforcing § 18–6607, it does provide a solid legal basis for arresting under the strict confines of the quoted language. Under this Court's analysis Wall could successfully have challenged his conviction under § 18–6607 because the statute and previous interpretations failed to guarantee due process by providing fair notice and adequate legal guidelines. But the Idaho Court's analysis in *Wall* insulates § 18–6607 from a vagueness attack by someone committing the same acts for which Wall was convicted. *Wall* thus provides a sufficient legal basis for arresting, trying, and convicting citizens under § 18–6607 for committing the crime against nature with a minor.

The Court relies for its analysis on the case of *Rose v. Locke,* 423 U.S. 48, 96 S.Ct.

243, 46 L.Ed.2d 185 (1975). In that case the Court held not unconstitutionally vague as applied to cunnilingus a statute proscribing "crimes against nature". The Tennessee courts had not previously applied the statute to cunnilingus, but had indicated an intention to interpret the statute broadly. On that basis, and relying on a Maine decision, whose statute was similar to that of Tennessee, the Court determined that due process had been provided.

Three dissenters vigorously argued that at common law only copulation *per anum* was a crime against nature. They protested what was in their view an unauthorized extension of Tennessee law. But even those dissenters acknowledged that a charge under a statute outlawing the crime against nature is constitutionally definite as applied to copulation *per anum. Rose,* 423 U.S. at 53, 96 S.Ct. at 245 (Brennan, J., dissenting).

Two of Schwartzmiller's convictions are for copulation *per anum.* Because the U.S. Supreme Court has upheld the language "crime against nature", and because in *Wall* the Idaho Court said that "crime against nature" when committed with a minor violates § 18–6607, Schwartzmiller had fair notice that copulation *per anum* could expose him to criminal charges under § 18–6607. Similarly, as to the charges of anal intercourse, the Idaho authorities who charged him and the jury that convicted him had sufficient legal guidelines to fairly judge Schwartzmiller's acts against the proscriptions of the statute. Schwartzmiller cannot persuasively argue that law enforcement officers had unfettered discretion to charge him, that a judge had insufficient legal guidelines to analyze the charge, or that a jury was allowed to convict him because of its own sense of moral outrage when the Idaho Supreme Court had stated that § 18–6607 applied to the very acts he committed. Thus, as to those two counts Schwartzmiller's imprisonment violates no federal statute or constitutional right. On this basis, the Petition for Habeas Corpus must be denied.

The allegations of Schwartzmiller's third conviction for lewd and lascivious conduct were contained in Count I of the indictment. That count alleged that Schwartzmiller did "then and there place his hands on the penis of [victim] and masturbate him and attempt to engage in anal intercourse ..." For this conviction to be upheld masturbation and attempted anal intercourse must be lewd and lascivious acts as contemplated by § 18–6607.

■ This Court need not actually determine whether a charge of attempted anal intercourse can be constitutionally maintained under § 18–6607. The reason is that a charge of masturbation cannot suffice to convict someone under that statute. The Court has already noted that there is no Idaho decision applying § 18–6607 to masturbation. It is far from clear, and not even suggested, that at common law masturbation was a crime against nature. There is no interpreting decision of this otherwise unconstitutionally vague statute to render valid Schwartzmiller's conviction under § 18–6607 for masturbation. No credible argument exists that § 18–6607 as written and interpreted provides constitutionally sufficient notice that masturbation is lewd and lascivious conduct. In this case it is possible that the jury found Schwartzmiller guilty because it believed masturbation was a lewd and lascivious act. Similarly, there is no way of knowing whether, with Count I stripped of the unconstitutional masturbation charge, the prosecutor would have filed or the judge would have let go to the jury the attempted anal intercourse charge. Thus, this Court is left to speculate as to how Schwartzmiller was convicted under Count I. Such post hoc speculation cannot support a criminal conviction under this vague statute. As to this count, Schwartzmiller was convicted without due process of law.

While the Court has concluded that Schwartzmiller's conviction under Count I was obtained in violation of his constitutional rights, no relief is forthcoming. He

is still serving time pursuant to his valid convictions under Counts II and III. Thus, with respect to his Habeas Petition on vagueness grounds, it is premature and the Writ must be denied.

As a footnote, the Court adds that many "forward-looking jurisdictions have expressly rejected the antiquated notion that the penal code should not clearly define such acts." *Balthazar v. Supreme Court,* 573 F.2d 698, 701 (1st Cir.1978). The phrase "such acts" obviously refers to the specific conduct the legislature seeks to prohibit. In the future, convictions under § 18–6607 can be constitutionally obtained only against defendants who engage in conduct to which the Idaho Supreme Court has already applied the statute, or which the same Court has specifically said is lewd and lascivious. Because that is the limit of its present scope, the Idaho Legislature may decide to rewrite § 18–6607 so that it complies with constitutional minimums of due process; if so the Court refers that body to 18 U.S.C. § 2253 (1978) as a guide:

> (2) "sexually explicit conduct" actual or simulated—
>
> (A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
>
> (B) bestiality;
>
> (C) masturbation;
>
> (D) sado-masochistic abuse (for the purpose of sexual stimulation); or
>
> (E) lewd exhibition of the genitals or pubic area of any person;

Congress passed that statute and accompanying definitions to enable the District of Columbia to curb sexual exploitation of children. The language used could not irritate the moral sensibilities of anyone and it complies with all notions of due process by providing fair notice and sufficient legal guidelines for law enforcement. But that is a determination the legislature must make.

In conclusion, because Schwartzmiller is validly convicted of two counts of lewd and lascivious conduct with a minor, his vagueness challenge must fail. The remainder of his challenges can be dealt with more briefly.

PRESUMPTION

The second of Schwartzmiller's contentions is that § 18–6607 creates a conclusive presumption of specific intent which denies due process of law. This legal arrow misses the mark. On its face the statute admits of no presumption of anything. It simply indicates the legislature chose to punish only those lewd and lascivious acts committed with specific intent. Specific intent is a separate element of § 18–6607 to be plead in the indictment and proved at trial. That is exactly what happened to Schwartzmiller.

He points to *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) as support for his position. In *Sandstrom* the Supreme Court overturned a conviction obtained after the trial court instructed the jury that "the law presumes that a person intends the ordinary and probable consequence of his voluntary acts". *id.,* at 513, 99 S.Ct. at 2453. The charge was murder and specific intent was a necessary element of the crime.

*Sandstrom* is of no avail to Schwartzmiller. No such jury instruction, nor anything resembling it, was given at his trial. The jury found that he committed the charged acts with the intent required by law. This Court will not disturb that finding. Because the statutory scheme does not, as alleged by Schwartzmiller, create a conclusive presumption of specific intent which flows from the acts charged, this challenge must fail.

CONSENT

Schwartzmiller next argues that § 18–6607 as interpreted denies due process of law by precluding evidence of a mature minor's consent. He contends that a willing minor should at most be an aider and abettor, and at least be subject to cross examination on the issue of consent. This

contention ignores a literal plethora of law in diverse situations which uniformly upholds the state's authority in drawing distinctions based on age.

In *State v. Herr,* 97 Idaho 783, 554 P.2d 961 (1976) the court held that children under sixteen cannot as a matter of law give consent. The legislature has determined that the interests of society and the moral well being of children can best be served by such a rule. It is just such a determination that Justice Harlan discussed in *Poe v. Ullman,* 367 U.S. 497, 545–46, 81 S.Ct. 1752, 1778–79, 6 L.Ed.2d 989 (1961) (Harlan, J., dissenting). The Idaho Supreme Court recognized and adopted this principle when it stated: "Classifications which recognize the need of special safeguards for children are universally accepted." *State v. Evans,* 73 Idaho 50, 54, 245 P.2d 788 (1952). Other support for the proposition that a state has a greater interest in both regulating the activities of and providing protection for minors can be found in *Planned Parenthood of Missouri v. Danforth,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976) and *Ginsberg v. New York,* 390 U.S. 629, 88 S.Ct. 1274, 20 L.Ed.2d 195 (1968). See, also *Carey v. Population Services International,* 431 U.S. 678, 97 S.Ct. 2010, 52 L.Ed.2d 675 (1976).

■ In *Doe v. City of Richmond,* 403 F.Supp. 1199 (E.D.Va.1975), *aff'd,* 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976) the Court upheld the constitutionality of a statute proscribing consensual homosexual activities between two adult males. If consent is no defense to a charge of sodomy between two adult males, the same rule when a minor is involved can hardly be labeled irrational. Thus, Idaho's scheme to protect minors by precluding them from consenting to crimes on their persons in no way denies due process of law.

EQUAL PROTECTION

Schwartzmiller also contends that § 18–6607 denied him equal protection. His first premise is based on the state's application of the statute. He notes that in his case the state precluded evidence of the minor's consent to the acts. He then points to *State v. Iverson,* 77 Idaho 103, 289 P.2d 603 (1955) where the court upheld the conviction of a minor under the statute. His argument is that § 18–6607 as interpreted creates an irrational classification by determining as a matter of law that a minor cannot consent, and yet holding that those same minors can form the specific intent to violate the statute. His argument presumes that a minor who can form specific intent cannot be rationally labelled incapable of giving consent. He thus equates consent with specific intent for purposes of § 18–6607.

■ While it raises interesting questions of law the Court need not analyze the argument. The Court has already determined that Idaho can validly prevent minors from consenting to acts proscribed under § 18–6607. That the state has also prosecuted minors for violations of § 18–6607 is of no solace to Schwartzmiller for he is the wrong party to raise such a challenge. A conviction under an otherwise valid statute is not rendered unconstitutional because, on another occasion, the statute may have been incorrectly applied to someone else (whether it was incorrectly applied is a question the Court need not address). Schwartzmiller's attempts to weave the concepts of consent and specific intent together must therefore fail. The statute constitutes a valid legislative classification.

■ Schwartzmiller's second equal protection argument is that he could have been charged under I.C. § 18–6605 for sodomy. He would then have been able to present evidence of consent as a defense, and the potential punishment for sodomy is much less severe than for lewd and lascivious conduct with a minor.

It is apparent from this Court's reading of sections 18–6605 and 18–6607, that different conduct is sought to be prohibited by

each. While § 18–6605 seeks to regulate the morality of an adult populace, § 18–6607 seeks to provide specific protection for minors. Some, but not all, crimes of sodomy can be charged under § 18–6607. Similarly, many acts which violate § 18–6607 do not constitute sodomy. Thus, the two statutes do not conflict and represent distinct legislative choices in determining the reach of the criminal law. Both choices are valid. That Schwartzmiller's conduct could have been charged under either does not render his conviction for one a denial of equal protection. The reasonable, legitimate classification as applied to Schwartzmiller's conduct passes constitutional muster.

## 8th AMENDMENT

Schwartzmiller's final contention is that his sentence imposes cruel and unusual punishment in violation of the Eighth Amendment. At the time of his conviction he was sentenced for a term which could have reached twenty-five years: a fixed determinate period of ten years and an indeterminate period of five years, neither of which this ruling disturbs; and an indeterminate period of ten years which this Court has overturned. For his valid convictions he thus faces a minimum sentence of eleven years and eight months.

Schwartzmiller first attempts to attack the provision in § 18–6607 for life imprisonment. He offers no legal support for the novel proposition that he can challenge a sentence which was not actually imposed on him. The Court has little trouble rejecting the argument and holding that he must prevail, if at all, by demonstrating that the sentence actually imposed violates the Eighth Amendment.

This is an area of the law where the Supreme Court has indicated courts have limited powers of review. *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). Nevertheless, in the case of *Solem v. Helm*, —— U.S. ——, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) the Court for the first time declared unconstitutional a sentence calling for less than the death penalty. In *Solem* the Court held that the Eighth Amendment proscribes a life sentence without possibility of parole for non-violent felonies. *id.* at ——, 103 S.Ct. at 3015. The Court distinguished *Rummel* by noting in that case the potential for parole existed. The opinion went on to adopt a three part proportionality test for courts to use in reviewing whether sentences violate the Eighth Amendment: "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions." *id.* at ——, 103 S.Ct. at 3011. Only a limited application of this test is called for in this case.

The strength of Schwartzmiller's argument emanates from his attack on the life imprisonment provision. His analysis crumbles when it is applied to the sentence actually imposed. Conviction for two separate acts of anal intercourse can result in a sentence similar to Schwartzmiller's in many jurisdictions. The Idaho legislature has determined that his crimes are serious, and, even if nonviolent, capable of severe punishment to protect from the victimization of children. The Court has already determined that such classifications when rational are a matter of legislative prerogative. Finally, this Court is unable to say that the punishment imposed on these facts does not fit the crime.

Nothing in this analysis conflicts with *Helm*. Aside from the obvious difference in length of sentence the Court in *Helm* reiterated that "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *id.* —— U.S., at ——, 103 S.Ct. at 3009 quoting *Hutto v. Davis*, 454 U.S. 370, 374, 102 S.Ct. 703, 705, 70 L.Ed.2d 556 (1982). Further, this Court "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as

well as to discretion that trial courts possess in sentencing convicted criminals." *id.* —— U.S., at ——, 103 S.Ct., at 3009. This is not one of those "exceedingly rare" cases the Supreme Court had in mind. Because Schwartzmiller's sentence for a period of years is not disproportionate to the crimes he committed, it does not constitute cruel and unusual punishment. This portion of the Motion for Habeas Corpus is without merit.

## CONCLUSION

The Court concludes that the plain language of § 18–6607 is unconstitutionally vague on its face. However, two of petitioner's convictions are valid because of previous interpretations of the Idaho Supreme Court. His other contentions being unpersuasive, it follows that the Motion for Writ of Habeas Corpus should be denied. It is so ordered.