# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 35117

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

CHRISTOPHER DAVID FLEGEL,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Boise, May 2011 Term

2011 Opinion No. 94

Filed: September 6, 2011

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Michael E. Wetherell, District Judge.

The judgment of the district court is <u>vacated</u>.

Sara Thomas, Deputy State Appellate Public Defender, Boise, argued for appellant.

Jessica Lorello, Deputy Attorney General, Boise, argued for respondent.

---

EISMANN, Justice.

This is an appeal from a conviction for the crime of sexual abuse of a child under sixteen years of age charged in an amended indictment. Because that crime had not been submitted to the grand jury and was not an included offense of the crime of lewd conduct charged in the original indictment, the district court did not have subject matter jurisdiction. We therefore vacate the judgment and remand this case with instructions to dismiss the case without prejudice.

## I.
## Factual Background

Flegel was indicted by a grand jury for the crime of lewd conduct with a child under sixteen years of age (Lewd Conduct) in violation of Idaho Code section 18-1508. Flegel pled not guilty and was tried by a jury. The district court instructed the jury regarding the crime of Lewd Conduct and, as an included offense, the crime of sexual abuse of a child under sixteen years of

age (Sexual Abuse).  The Lewd Conduct charge was based upon the allegation that Flegel touched the child's vagina, and the Sexual Abuse charge was based upon evidence that he also touched her buttocks.  The jury found Flegel not guilty of Lewd Conduct, but could not reach a verdict on the Sexual Abuse charge.

Without resubmitting the matter to a grand jury, the State filed an amended indictment charging Flegel with the crime of Sexual Abuse.  Flegel was tried by a jury on that charge and found guilty.  He then appealed.

The appeal was initially heard by the Idaho Court of Appeals.  It held that the indictment was properly amended because evidence admitted during Flegel's first trial supported the included offense of Sexual Abuse; that the district court did not err in admitting a recorded interview of Flegel during which a detective stated that he found the complaining witness credible; and that the district court erred in failing to tailor the jury instruction on Sexual Abuse to eliminate the risk that the jury in the second trial would find Flegel guilty of conduct for which he was acquitted in the first trial.  Because it concluded that such error was not harmless, the Court of Appeals vacated the judgment and remanded the case for a new trial.

The State filed a petition for review, which we granted.  In cases that come before this Court on a petition for review of a Court of Appeals opinion, we hear the appeal de novo, directly reviewing the decision of the lower court.  *Head v. State*, 137 Idaho 1, 2, 43 P.3d 760, 761 (2002).

## II.

### The District Court Lacked Subject Matter Jursidiction over the Charge of Sexual Abuse

Because Sexual Abuse is not a lesser included offense of Lewd Conduct, Flegel could only be validly charged by indictment with that crime if the matter was resubmitted to a grand jury and it returned the amended indictment.  The prosecuting attorney had no authority to issue an amended indictment for a crime that was not charged in the original indictment and that was not an included offense of that crime.  Therefore, Flegel's conviction is void, the judgment must be vacated, and this case must be dismissed.

Article I, section 8, of the Idaho Constitution provides, "No person shall be held to answer for any felony . . . unless on presentment or indictment of a grand jury or on information

2

of the public prosecutor, after a commitment by a magistrate . . . ." Because a felony can only be prosecuted by an indictment found by a grand jury or by an information based upon the commitment of a magistrate (following a preliminary hearing or its waiver), Idaho Code section 19-1420 provides, "An information or indictment cannot be amended so as to charge an offense other than that for which the defendant has been held to answer." To allow a prosecutor to amend an indictment to charge an offense other than that for which the defendant was held to answer would permit the prosecutor to, in essence, become the grand jury.

The State can amend an indictment to allege a lesser offense that is included in the offense charged. "The indictment is, for legal purposes, sufficient notice to the defendant that he may be called to defend the lesser included charge." *State v. Padilla*, 101 Idaho 713, 717, 620 P.2d 286, 290 (1980) (quoting *Walker v. United States*, 418 F.2d 1116, 1119 (D.C. Cir. 1969)). "The determination of whether a particular crime is an included offense of the crime charged involves a question of law over which this Court exercises free review." *State v. Rosencrantz*, 130 Idaho 666, 668, 946 P.2d 628, 630 (1997).

"There are two theories under which a particular offense may be determined to be a lesser included offense of a charged offense." *State v. Curtis*, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997). One theory is referred to as the "statutory theory." *Id*. "Under this theory, one offense is not considered a lesser included of another unless it is necessarily so under the statutory definition of the crime." *State v. Thompson*, 101 Idaho 430, 433, 614 P.2d 970, 973 (1980). We apply the *Blockburger* test, which originated in *Blockburger v. United States*, 284 U.S. 299 (1932), to determine whether an offense is a lesser included offense under the statutory theory. *Sivak v. State*, 112 Idaho 197, 211, 731 P.2d 192, 206 n.8 (1986). "An offense will be deemed to be a lesser included offense of another, greater offense, if all the elements required to sustain a conviction of the lesser included offense are included within the elements needed to sustain a conviction of the greater offense." *State v. McCormick*, 100 Idaho 111, 114, 594 P.2d 149, 152 (1979). Sexual abuse of a child under sixteen is not a lesser included offense of Lewd Conduct under the statutory theory.

Before examining the statutes defining the two crimes, it would be helpful to review their history. On July 20, 1983, federal district judge Ray McNichols issued his opinion in *Schwartzmiller v. Gardner*, 567 F.Supp. 1371 (1983), in which he held unconstitutionally vague the wording of Idaho Code § 18-6607, the former lewd conduct statute. He stated:

3

The statute's downfall is its absolute failure to list any of the acts which will subject one to its punishment. Rather, it vaguely hints of sexual overtones and the terms "lewd" and "lascivious" simply lack such well accepted, commonly understood definitions to give "sufficient warning that men may conduct themselves so as to avoid that which is forbidden". *Rose v. Locke*, 423 U.S. 48, 50, 96 S.Ct. 243, 244, 46 L.Ed.2d 185 (1975). Neither is this a case where the offending language is rendered more explicit because it is combined with some other more precisely defined word. *The Court thus concludes that the plain language of § 18-6607 is insufficiently definite to inform persons of ordinary intelligence what is outlawed and to provide law officers, judges, and juries legally fixed standards to guide enforcement.*

Because on its face § 18-6607 cannot pass constitutional muster, the court turns to any limiting construction given the statute by the Idaho Supreme Court. . . . .

567 F.Supp. at 1376 (emphasis added).

The court suggested that the Idaho legislature amend the lewd conduct statute to identify the specific conduct intended to be prohibited. The court wrote as follows:

As a footnote, the Court adds that many "forward-looking jurisdictions have expressly rejected the antiquated notion that the penal code should not clearly define such acts." *Balthazar v. Supreme Court*, 573 F.2d 698, 701 (1st Cir. 1978). The phrase "such acts" obviously refers to the specific conduct the legislature seeks to prohibit. In the future, convictions under § 18-6607 can be constitutionally obtained only against defendants who engage in conduct to which the Idaho Supreme Court has already applied the statute, or which the same Court has specifically said is lewd and lascivious. *Because that is the limit of its present scope, the Idaho Legislature may decide to rewrite § 18-6607 so that it complies with constitutional minimums of due process*; if so the Court refers that body to 18 U.S.C. § 2253 (1978) as a guide:

(2) "sexually explicit conduct" actual or simulated -

(A) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

(B) bestiality;

(C) masturbation;

(D) sado-masochistic abuse (for the purpose of sexual stimulation); or

(E) lewd exhibition of the genitals or pubic area of any person;

Congress passed that statute and accompanying definitions to enable the District of Columbia to curb sexual exploitation of children. The language used could not irritate the moral sensibilities of anyone and it complies with all notions of due process by providing fair notice and sufficient legal guidelines for law enforcement. But that is a determination the legislature must make.

567 F.Supp. at 1379 (emphasis added).

4

The Idaho legislature apparently took Judge McNichols's suggestion, and in 1984 it amended both Idaho Code § 18-1506, the sexual abuse statute, and former Idaho Code § 18-6607. The amendment to section 18-1506 was as follows:

> 18-1506. SEXUAL ABUSE OF A CHILD UNDER THE AGE OF SIXTEEN YEARS. (1) Any person eighteen (18) years of age or older who shall solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or who shall cause or have sexual contact with such a child, not amounting to lewd conduct as defined by section 18-~~6607~~1508, Idaho Code, with the intent to gratify the sexual desire of either party or a third party shall be guilty of a felony.
>
> . . . .

Ch. 63, § 1, 1984 Idaho Sess. Laws 112, 112.

The legislature also amended former section 18-6607 to change it to 18-1508 and to include specifically defined conduct that constitutes lewd conduct. The amendment was as follows:

> 18-~~6607~~1508. LEWD CONDUCT WITH MINOR OR CHILD UNDER SIXTEEN. Any person who shall wilfully and lewdly commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor or child under the age of sixteen (16) years, <u>including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve a minor or child in any act of bestiality or sado-masochistic abuse or lewd exhibition as any of such acts are defined in section 18-1507, Idaho Code, when any of such acts are done</u> with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

Ch. 63, § 2, 1984 Idaho Sess. Laws 112, 112-13.

Thus, when the legislature amended Idaho Code section 18-6607 to specifically list the conduct that constitutes Lewd Conduct and redesignated that statute as section 18-1508, it also amended section 18-1506 to specifically provide that sexual abuse of a child under the age of sixteen years requires sexual contact with the child "not amounting to lewd conduct as defined by section 18-1508, Idaho Code."

As amended, the lewd conduct statute criminalized certain conduct, "including but not limited to" specifically defined bodily contact. In *State v. Kavajecz*, 139 Idaho 482, 80 P.3d 1083 (2003), we addressed whether touching or kissing the chest of a prepubescent girl constituted lewd conduct. This Court held that it did not because the type of conduct included in the phrase "including but not limited to" must be the conduct of a like or similar class or

5

character to the types of conduct specifically listed. *Id*. at 486-87, 80 P.3d at 1087-88. Thus, the words "including but not limited to" cannot be construed to include conduct that constitutes Sexual Abuse because conduct constituting that crime must, by definition, be conduct "not amounting to lewd conduct as defined by section 18-1508, Idaho Code." I.C. § 18-1506(1)(b).

The crime of Lewd Conduct is defined by Idaho Code section 18-1508 as follows:

> Any person who shall commit any lewd or lascivious act or acts upon or with the body or any part or member thereof of a minor child under the age of sixteen (16) years, including but not limited to, genital-genital contact, oral-genital contact, anal-genital contact, oral-anal contact, manual-anal contact, or manual-genital contact, whether between persons of the same or opposite sex, or who shall involve such minor child in any act of bestiality or sado-masochism as defined in section 18-1507, Idaho Code, when any of such acts are done with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party, shall be guilty of a felony and shall be imprisoned in the state prison for a term of not more than life.

As of June 20, 2004, the date of the offense alleged in this case, the crime of sexual abuse of a child under the age of sixteen was defined by the relevant portion of Idaho Code section 18-1506 as follows:

> (1) It is a felony for any person eighteen (18) years of age or older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party, to:
> (a) solicit a minor child under the age of sixteen (16) years to participate in a sexual act, or
> (b) cause or have sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code; or
> . . . .

Ch. 145, § 1, 1992 Idaho Sess. Laws 438, 439.

Sexual abuse of a child under the age of sixteen could not be a lesser included offense of Lewd Conduct under the statutory theory because it was possible to commit Lewd Conduct without committing Sexual Abuse. "Each of these crimes requires proof of separate essential elements not required of the other and the conviction of one will not bar conviction of the other." *State v. McCormick*, 100 Idaho 111, 115, 594 P.2d 149, 153 (1979). By statutory definition, the conduct constituting Sexual Abuse was "sexual contact with such minor child, not amounting to lewd conduct as defined in section 18-1508, Idaho Code." In addition, Sexual Abuse must be committed by someone over the age of eighteen years, while the statute defining Lewd Conduct does not contain that age limitation. Thus, in *State v. Fodge*, 121 Idaho 192, 824 P.2d 123

6

(1992), a defendant convicted of Lewd Conduct appealed, contending that the trial court erred in not instructing the jury as to the offense of Sexual Abuse on the ground that it was a lesser included offense. This Court rejected that contention, stating:

> At trial, the only evidence of contact between the victim and the appellant went to anal-genital and oral-genital contacts. There was no testimony regarding any other type of touching. The statute pursuant to which the appellant was convicted and the jury instructed, I.C. § 18-1508, specifically includes "oral-genital contact" and "anal-genital contact" as lewd and lascivious acts. Therefore, since the only testimony at trial went to these specific contacts, and because I.C. § 18-1508 specifically lists these contacts as lewd and lascivious acts, the trial court was correct in ruling that the evidence did not support the proposed instructions.

*Id*. at 195, 824 P.2d at 126 (footnote omitted). If all of the statutory elements of Sexual Abuse were included in the statutory elements of Lewd Conduct, then the lesser included instruction for that charge would have been required.

The other theory is called the "pleading theory." *Curtis*, 130 Idaho at 524, 944 P.2d at 121. "This theory holds 'that an offense is an included offense if it is alleged in the information [or indictment] as a means or element of the commission of the higher offense.' " *Sivak v. State*, 112 Idaho 197, 211, 731 P.2d 192, 206 (1986) (quoting *State v. Anderson*, 82 Idaho 293, 301, 352 P.2d 972, 977 (1960)). Sexual abuse of a child under sixteen was not the means by which Flegel was alleged to have committed the crime of Lewd Conduct.

The original indictment charged Flegel with Lewd Conduct as follows:

> That the defendant, CHRISTOPHER DAVID FLEGEL, on or about the 20th day of June, 2004, in the County of Ada, State of Idaho, did willfully and unlawfully commit a lewd and lascivious act upon the body of a minor, [name], under the age of sixteen years, to-wit: of the age of ten (10) years (DOB: 03/31/94), by having manual to genital contact with [name], with the intent to gratify the sexual desire of the Defendant.

The only conduct alleged is "manual to genital contact," which cannot constitute sexual abuse of a child under sixteen. *Fodge*, 121 Idaho at 195, 824 P.2d at 126; I.C. § 18-1506(1)(b); I.C. § 18-1508. Indeed, the amended indictment had to change the allegation regarding the charged conduct in order to allege a violation of Idaho Code section 18-1506(1)(b). It alleged as follows:

> That the defendant, CHRISTOPHER DAVID FLEGEL, over the age of eighteen (18) on or about June 20, 2004, in the County of Ada, State of Idaho, did

7

have sexual contact with [name], under the age of sixteen years to-wit: age 10 (DOB 03/31/1994), with the intent to appeal to the sexual desire of the Defendant and/or said minor child.

The State changed the allegation of "manual to genital contact" to "sexual contact." Therefore, in this case it was not alleged that Flegel committed the crime of Sexual Abuse as the means of committing Lewd Conduct.

In *State v. O'Neill*, 118 Idaho 244, 796 P.2d 121 (1990), the Court permitted an information to be amended from Lewd Conduct in violation of Idaho Code section 18-1508 to Sexual Abuse of a child under sixteen in violation of Idaho Code section 18-1506 without requiring that the defendant have the opportunity for a preliminary hearing on the new charge. In doing so, the Court stated, "The acts comprising a violation of I.C. § 18-1506 as set forth and alleged in the Amended Information are the same acts with which O'Neill was charged in the original Complaint and original Information alleging violation of I.C. § 18-1508." *Id*. at 249, 796 P.2d at 126. In the instant case, however, the acts alleged in the original indictment were not the same as those alleged in the amended indictment.

During Flegel's first trial, the jury heard an audio recording of his interview by a detective during which Flegel admitted to intentionally touching the girl's buttocks under her underwear. However, it is of no consequence that there was evidence admitted during the trial that would support a charge of Sexual Abuse. The prosecutor had no authority to file an amended indictment charging a crime that was not an included offense under the original indictment, under either the statutory theory or the pleading theory. It is the grand jury, not the court or the prosecutor, that must decide whether there is probable cause to believe that Flegel committed the crime of Sexual Abuse. Because the amended indictment charged a different crime than the crime charged in the original indictment, the amended indictment is a nullity. Idaho Code section 19-1401 provides, "An indictment cannot be found without the concurrence of at least twelve (12) grand jurors." No grand jurors concurred in the amended indictment.

The issue in this case is whether a violation of section 18-1506(1)(b) was an included offense of the indictment charging a violation of section 18-1508 under either the statutory or pleading theory, precluding the need for a "presentment or indictment of a grand jury or . . . a commitment by a magistrate" as required by article I, section 8, of the Idaho Constitution. We hold that it was not. Those familiar with criminal procedure know that when there is evidence

8

indicating that a defendant committed more than one offense during a course of conduct, the prosecuting attorney can seek an indictment charging each of those crimes as separate counts.[1] The prosecuting attorney in this case is presumed to have known the law, and he could have elected to seek an indictment for both Lewd Conduct and Sexual Abuse, but he chose not to do so. Had he done so, Flegel could have been retried on the Sexual Abuse charge.

In *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011), we held that where the grand jury had no authority to issue an indictment because its term had expired, "a valid indictment was never entered against Lute, [and] the district court never had subject matter jurisdiction over Lute's case under Article I, section 8 of the Idaho Constitution." *Id*. at ___, 252 P.3d at 1259. The same rationale applies here. Not having been issued by a grand jury, the amended indictment was invalid, the district court never had subject matter jurisdiction over Flegel's case regarding the charge of Sexual Abuse, and this case must therefore be dismissed.

## III.
### Conclusion

We vacate the judgment and remand this case to the district court with instructions to dismiss this case without prejudice.

Chief Justice BURDICK and Justice HORTON **CONCUR.**

J. Jones, J., dissenting.

I respectfully dissent from the Court's opinion because I believe that sexual abuse of a child under I.C. § 18-1506 can be a lesser included offense of lewd and lascivious conduct under

---

[1] Prior to March 19, 1963, the prosecuting attorney would have to have sought a separate indictment for each offense. Former Idaho Code section 19-1413 provided:

> 19-1413. Single offense to be charged. – The indictment must charge but one offense, but the same offense may be set forth in different forms under different counts, and, when the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count.

*See* I.C. § 19-1413 (1948). Effective March 19, 1963, section 19-1413 was repealed. Ch. 159, §§ 1 & 2, 1963 Idaho Sess. Laws 463, 463. Therefore, Idaho Criminal Rule 6.6(b) provides, "There may be two or more separate charges in a grand jury indictment, but each shall be voted upon separately by the grand jury."

I.C. § 18-1508. Indeed, in *State v. O'Neill*, we stated, "Violation of I.C. § 18-1506 is a lesser included offense when an individual is charged with violations of I.C. § 18-1508. O'Neill was not being charged with a totally different crime, nor any acts different than those originally alleged." 118 Idaho 244, 250, 796 P.2d 121, 127 (1990).

The Court's opinion correctly states the legislative history pertaining to I.C. § 18-1508, but I disagree with the conclusions drawn therefrom. I.C. § 18-1506 was enacted in 1982 in order to cover a broad range of abusive activity directed toward children under the age of 16. Among other things, the statute was intended, as demonstrated in the short title, "to provide that any person, over age eighteen . . . who has, or causes, sexual contact with [a child under age sixteen] shall be guilty of a felony." 1982 Idaho Sess. Laws 192. In addition to cases involving actual physical contact with a child, the statute criminalized certain solicitation activities. It was designed to cover activities that might fall within the ambit of the lewd and lascivious conduct statute, I.C. § 18-1508, but which might not rise to that level. After all, what kind of contact with a child, intended to "gratify the lust, passions, or sexual desire" of either party, could there be that would not include the type of touching described in the lewd and lascivious conduct statute. The Legislature would have employed wording such as "not constituting of," instead of using the words "not amounting to," if it had intended that the two acts cover conduct that was separate and apart from one another. "[N]ot amounting to" indicates that the conduct is of a lesser grade than the lewd and lascivious conduct statute.[2]

A number of Idaho statutes employ the "not amounting to" language, including I.C. §§ 18-1505B, 18-1508A, 18-4006, 19-109, and 49-1406. The language is also used in Idaho Criminal Rule 23(b). In each instance, the purpose is to indicate a gradation of the offense or conduct. Both Idaho Code § 18-1505B (sexual abuse and exploitation of a vulnerable adult) and Idaho Code § 18-1509A (sexual battery of a minor child sixteen or seventeen years of age) criminalize lewd and lascivious acts upon the respective category of victims, but include a catch all of sexual contact "not amounting to" the specified acts of lewd conduct. Idaho Code § 18-4006 provides for a gradation of vehicular manslaughter "not amounting to a felony." Idaho Code § 19-109 deals with jury verdicts "in a criminal case not amounting to a felony." Idaho Code § 49-1406 pertains to any traffic violation "not amounting to a misdemeanor." Idaho

---

[2] The more inclusive sexual abuse statute carried a maximum penalty of fifteen years' imprisonment in 2004 (increased to twenty-five years in 2006), while the lewd conduct statute carries a sentence of up to life.

Criminal Rule 23(b) pertains to "criminal cases not amounting to a felony." In each instance, the "not amounting to" language is intended to indicate a gradation of the offense or conduct, rather than indicating a completely different category.

This Court recognized in the *O'Neill* case that section 18-1506 includes the same type of conduct as section 18-1508. That fact has also been recognized in the comments to the Idaho Criminal Jury Instructions. The jury instruction for I.C. § 18-1506, I.C.J.I. 922, contains the following comment:

> If this is not an included offense, then the words "not amounting to lewd conduct" should be deleted from element 3.
>
> I.C. § 18-1506 is an included offense of I.C. § 18-1508. *State v. O'Neill*, 118 Idaho 244, 796 P.2d 121 (1990).

The comment to I.C.J.I. 929, the instruction for I.C. § 18-1508, states, "Violation of I.C. § 18-1506 is an included offense when an individual is charged with violation of I.C. § 18-1508." These jury instructions were approved by Order of this Court, dated August 26, 2010, stating "the revised Idaho Criminal Jury Instructions are hereby adopted." The Introduction and General Directions for Use of such instructions states, among other things, "it must be noted further that the law prevailing during the period of drafting is reflected in the instructions."[3]

The Idaho Court of Appeals has also held that sexual abuse of a child is a lesser included offense of lewd and lascivious conduct under the statutory theory. *State v. Cochran*, 149 Idaho 688, 690, 239 P.3d 793, 795 (Ct. App. 2010). In *Cochran*, the court identified the elements of sexual abuse as: "(1) sexual contact, defined as *any* physical contact; (2) with a minor child under sixteen; and (3) with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party." *Id.* (emphasis in original). The elements of lewd conduct, the court stated, were redundant except that the act had to be "(1) a lewd and lascivious act; (2) upon the body or any part thereof," rather than "any physical contact." Thus, because "a defendant who commits a lewd and lascivious act upon the body [of a minor victim] or any part thereof" also necessarily has "physical, sexual contact with the victim," and the remaining elements are redundant, sexual abuse is a lesser included of lewd conduct. The court explained:

---

[3] Of interest, also, is I.C.J.I. 990, the jury instruction for I.C. § 18-1505B. The third element consists of three independent acts—a lewd or lascivious act, an act of bestiality or sado-masochism, or that the defendant "caused or had sexual contact with" the victim. The instruction does not use the "not amounting to" language stated in I.C. § 18-1505B(1)(c), which indicates an overlap between the sexual contact act and the lewd and lascivious act.

> This analysis is dictated, in part, by our conclusion that the legislature did not intend to create two mutually exclusive statutes operating in a vacuum. Rather, in our view, these two statutes make it unlawful to perpetrate any physical contact with a minor child for sexual purposes …. the difference between the two statutes is a matter of degree.

*Id.* at 691, 239 P.3d at 796. The court cited its earlier case, *State v. Drennon*, in which it similarly found that the two statutes are not mutually exclusive but, rather, could be read to prohibit "overlapping kinds of contact" due to the "included but not limited to" language. *Id.* at 690, 239 P.3d at 795 (citing *Drennon*, 126 Idaho 346, 453, 883 P.2d 704, 712 (Ct. App. 1994)).

Further, although sexual abuse of a minor must be perpetuated by someone over 18 years of age while the lewd contact statute contains no such requirement, this is not an element of the offense. Rather, it is a limitation of the status of the perpetrator. The age requirement likely exists in the sexual abuse statute so as not to cover situations where teenagers get involved in sex play. The rape statute, I.C. § 18-6101(1), contains a similar age limitation, which was added in 2010. It should be noted that lewd conduct has been held by the Court of Appeals to be an included offense of statutory rape. *State v. Gilman*, 105 Idaho 891, 673 P.2d 1085 (Ct. App. 1983). Therefore, the perpetrator age limitation presumably has no bearing on whether or not one offense is an included offense of the other.

W. JONES, J. dissenting:

## I. It Was Proper to Amend the Indictment Because Sexual Abuse of a Child in This Case Is a Lesser-Included Offense of Lewd Conduct Under the Pleading Theory

There are two ways to identify a lesser-included offense: the statutory theory and the pleading theory. *See State v. Thompson*, 101 Idaho 430, 433–34, 614 P.2d 970, 973–74 (1980) (describing both theories). I agree with the Majority that, under the statutory theory, sexual abuse of a child is not a lesser-included offense of lewd conduct with a minor. This is true because sexual abuse requires an element that lewd conduct does not: the defendant must be at least eighteen years old, while lewd conduct applies to offenses committed by "any person." *Compare* I.C. § 18-1506(1) *with* I.C. § 18-1508. I must part with the Majority, however, when it overrules our prior cases by holding that sexual abuse is never a lesser-included offense under the pleading theory.

### 1. Our Case Law Holds that Sexual Abuse Is a Lesser-Included Offense of Lewd Conduct Under the Pleading Theory

An offense that is not necessarily a lesser-included crime of another under the statutory approach can still be a lesser-included offense under the pleading theory if two elements are present. First, the indictment must charge the accused with a crime, the acts of which would necessarily include proof of a lesser offense. *State v. Curtis*, 130 Idaho 522, 524, 944 P.2d 119, 121 (1997). Next, "the trial court must determine whether a reasonable view of the evidence would support a giving of an instruction" on the lesser offense. *Id.*

Most, if not all, of Idaho's judges and criminal lawyers will be quite surprised by today's ruling. In *State v. O'Neill*, 118 Idaho 244, 796 P.2d 121 (1990), the State originally charged the defendant with lewd conduct, but amended the complaint to charge the defendant with sexual abuse instead based on the same facts. *Id.* at 245, 796 P.2d at 122. This Court sua sponte considered whether amending the information was proper, then expressly held that "[v]iolation of I.C. § 18-1506 is a lesser included offense when an individual is charged with violations of I.C. § 18-1508." *Id.* at 248, 250, 796 P.2d at 125, 127; *see also State v. Ransom*, 124 Idaho 703, 706, 864 P.2d 149, 152 (1993) (noting that the defendant had been convicted of sexual abuse as a lesser-included offense of lewd conduct). The Court apparently rested this decision on the pleading theory, noting that the defendant had not been charged with a mutually exclusive crime and that the same conduct was charged in both counts. The Idaho Criminal Jury Instructions, which presumptively are correct, reflect this ruling. ICJI 922 cmt.; *McKay v. State*, 148 Idaho 567, 571 n.2, 225 P.3d 700, 704 n.2 (2010) ("The I.C.J.I. are presumptively correct." (quoting *State v. Merwin*, 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998))).

The Majority sidesteps *O'Neill* by explaining that the charged conduct in the original information in that case was identical to that charged in the amended information, while here Flegel was charged with manual-genital contact in the first trial but was charged with touching the victim's buttocks in the second trial.

The Majority's reasoning is anomalous, as the purpose of a charging document is to give fair notice to defendants of the charges they face. Although an indictment might only list a single offense, "the charge of an offense includes in it any lesser included offenses and the accused may be acquitted of the charged offense but convicted of the lesser included offense." *State v. Padilla*, 101 Idaho 713, 717, 620 P.2d 286, 290 (1980) (quoting *State v. Cariaga*, 95 Idaho 900, 902, 523 P.2d 32, 34 (1974)). As we recently stated, "an amendment that merely alleges additional means by which the defendant may have committed the crime is permissible if it does not prejudice the

13

defendant." *State v. Severson*, 147 Idaho 694, 709, 215 P.3d 414, 429 (2009). Since defendants are on notice of all lesser-included offenses, they are not prejudiced when the State amends a charging document to allege "additional means" by which they have committed a lesser-included offense.

First, under *O'Neill*, Flegel was on notice that he could have to answer to a sexual-abuse charge as a lesser-included offense. Second, the State amended the indictment to allege that Flegel had engaged in sexual contact with the victim. This is merely an "additional means by which the defendant may have committed the crime" of sexual abuse. *Id.* Both trials stemmed from a single brief incident in which Flegel allegedly reached into the victim's overalls to touch her buttocks and genitals. Changing the indictment to charge Flegel with offensive sexual contact could not have surprised him before his second trial, as the State amended the indictment seven months before the second trial and simply set out again to prove that Flegel fondled the girl, the central factual issue in the first trial.

The Majority instead cites *State v. Fodge*, 121 Idaho 192, 824 P.2d 123 (1992), a case in which this Court upheld a district court's refusal to instruct a jury on sexual abuse as a lesser-included offense. That decision, however, said nothing about whether sexual abuse can be a lesser-included offense of lewd conduct.

In *Fodge*, the only evidence presented at trial went to anal-genital and oral-genital contact, which were and still are specifically proscribed in the lewd-conduct statute. I.C. § 18-1508. We affirmed the district court's refusal to instruct on sexual abuse *not* because sexual abuse is never a lesser-included offense of lewd conduct. Instead, we affirmed solely because I.C. § 19-2132(b)(2) permits an instruction on a lesser-included offense only if "[t]here is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense." *See Fodge*, 121 Idaho at 195, 824 P.2d at 126 (citing § 19-2132 as the sole reason for upholding the district court's decision). We reasoned that instructing on sexual abuse was unnecessary because the jury in that case could not reasonably have convicted the defendant of sexual abuse without also convicting him of lewd conduct.

The Majority is therefore patently wrong when it cites *Fodge* to state that "[i]f it were impossible to commit lewd conduct without also committing sexual abuse, then the lesser included instruction for that charge would have been required." *Fodge* simply did not hold that.

14

It merely stated that, under the applicable statute, an instruction on sexual abuse is not appropriate when the only evidence at trial could also support a conviction for the greater offense of lewd conduct. *Fodge*, 121 Idaho at 195, 824 P.2d at 126 (citing I.C. § 19-2132(b)).

At most, *Fodge* proceeded on the assumption that sexual abuse *is* a lesser-included offense, but an instruction was unnecessary anyway because all the evidence also supported a lewd-conduct conviction. At the very least, *Fodge* declined to revisit the issue of whether sexual abuse is a lesser-included offense of lewd conduct. This is understandable, as that issue was not critical to resolving the case. Moreover, just a year and a half beforehand, this Court had handed down *O'Neill*, which squarely addressed the very question before us today and concluded that sexual abuse can indeed be a lesser-included offense of lewd conduct under the pleading theory. *O'Neill*, 118 Idaho at 249–50, 796 P.2d at 126–27.

> 2.     *Holding that Sexual Abuse Is Not a Lesser-Included Offense Leads to an Absurd Result Contrary to the Legislature's Intent*

The Majority primarily relies on the fact that I.C. § 18-1506 defines sexual abuse as contact with a child "not amounting to lewd conduct." It reasons that this language is an element of sexual abuse of a child—to convict for sexual abuse the State must now prove not simply that a defendant engaged in sexual contact with a child, but that such contact would not qualify as lewd conduct. The Majority so holds even though there is no authority anywhere suggesting that the State, when proceeding under I.C. § 18-1506(b), has to prove that the defendant's conduct meets the definition of sexual contact but not lewd conduct.

Absurdities will result from the Majority's new and unprecedented take on the sexual-abuse statute. "The plain meaning of a statute . . . will prevail unless clearly expressed legislative intent is contrary or unless the plain meaning leads to absurd results." *State v. Kimball*, 145 Idaho 542, 544, 181 P.3d 468, 470 (2008). There is no reason the Legislature would actually require prosecutors to prove, as an element of one crime, that the defendant did not commit a different or greater crime. Pursuant to the Majority's reasoning, it appears logical that Defendants can now begin defeating charges of sexual abuse of a child by proving that they committed lewd conduct instead. For example, a defendant charged with sexual abuse of a child can now evade conviction by insisting he placed his genitals in a child's mouth but did not

otherwise touch the child in a sexual manner.[4] This conclusion follows from the majority's ruling that sexual abuse and lewd conduct are mutually exclusive crimes. Surely the Legislature did not intend this result when it enacted I.C. § 18-1506(b).

The Majority's holding is even more absurd when viewed in its historical context. The Legislature enacted I.C. § 18-1506, the sexual-abuse statute, in 1982. Although this provision has since undergone significant changes, even in its original form it contained the "not amounting to lewd conduct" language. Act of March 26, 1982, ch. 192, § 1, 1982 Idaho Sess. Laws 519, 519.

When the sexual-abuse statute was enacted, on the other hand, the lewd-conduct statute left the terms "lewd or lascivious" completely undefined. Lewd conduct was not restricted to any of the specific kinds of physical contact to which it is limited today. Act of Jan. 26, 1973, ch. 1, § 2, 1973 Idaho Sess. Laws 1, 1 (codified at I.C. § 18-6607 (1973)).[5] Thus, because "lewd conduct" was undefined when the sexual-abuse statute was enacted, it would have been nearly impossible for a prosecutor to show that a particular defendant's conduct was sexual abuse but not lewd conduct. Looking to a dictionary would not be helpful either. "Lewd" simply means "[o]bscene or indecent; tending toward moral impurity or wontonness," while "lascivious" simply means "tending to excite lust; lewd; indecent; obscene." *Black's Law Dictionary* 991 (9th ed. 2009). These broad terms would certainly also apply to any "sexual contact" as defined in I.C. § 18-1506.[6]

---

[4] Although a defendant would not likely do this in most cases, since it would expose him to a greater crime, the possibility it could be done illustrates the lack of logic in the Majority's reasoning. This case provides an excellent example. Flegel has already been acquitted on his lewd-conduct charge for touching the victim's genitals and is therefore safe from reprosecution under the Double Jeopardy Clause for the conduct constituting that crime. Under today's decision, if the State files a new sexual-abuse charge against him which the majority states is a different crime, Flegel can escape all punishment by proving at trial that he did in fact fondle the victim's genitals but did not otherwise have illicit sexual contact with her.

[5] The lewd-conduct statute was initially codified at I.C. § 18-6607, but has since been redesignated to its current location. Act of March 19, 1984, ch. 63, § 2, 1984 Idaho Sess. Laws 112, 112. The redesignation did not substantively change the statute. *Id.*

[6] It is true that the original lewd-conduct statute withstood facial void-for-vagueness challenges before the Legislature added a list of specific prohibited acts to the statute in 1984. *State v. Harmon*, 107 Idaho 73, 78, 685 P.2d 814, 819 (1984) (upholding a conviction for attempted rape); *State v. Shannon*, 95 Idaho 299, 302, 507 P.2d 808, 811 (1973) (rape); *State v. Evans*, 73 Idaho 50, 57, 245 P.2d 788, 791–92 (1952); *see also Schwartzmiller v. Gardner*, 752 F.2d 1341, 1348–49 (9th Cir. 1984) (upholding a conviction where the defendant masturbated a child). Cases interpreting the former statute upheld convictions for certain egregious activities such as child rape or fondling a child's genitals. *See State v. Ross*, 92 Idaho 709, 711, 718, 449 P.2d 369, 371, 378 (1968) (fondling childrens' genitals); *State v. Iverson*, 77 Idaho 103, 109, 289 P.2d 603, 605 (1955) (attempted anal rape); *State v. Wall*, 73 Idaho 142, 143, 248 P.2d 222, 223 (1952) (placing the child's genitals in the defendant's mouth).

The Majority acknowledges that in 1983 a federal district judge in *Schwartzmiller v. Gardner*, 567 F. Supp. 1371 (D. Idaho 1983) declared that the lewd-conduct statute at the time was unconstitutionally vague except in certain narrow cases because it did not define "lewd conduct." *Id.* at 1376–78. In 1984, the Legislature responded by amending the lewd-conduct provision so that it applied to acts "including but not limited to" certain specific types of physical contact. Act of Mar. 19, 1984, ch. 63, 1984 Idaho Sess. Laws 112. Thus, although it provided a list of proscribed activities, by inserting the phrase "including but not limited to," the Legislature still left open the possibility that other as-yet unidentified kinds of conduct could qualify as lewd conduct.

The Majority insists that the 1984 changes "amended section 18-1506 to specifically provide that sexual abuse of a child under the age of sixteen years requires sexual contact with the child 'not amounting to lewd conduct.'" On the contrary, the "not amounting to lewd conduct" phrase predates the 1984 amendments and in fact has always been a part of the sexual-abuse statute. Ch. 192, § 1, 1982 Idaho Sess. Laws at 519. Again, when the Legislature first enacted I.C. § 18-1506 in 1982, lewd conduct was undefined. I.C. § 18-1508 (1982). In 1984, the Legislature merely updated I.C. § 18-1506 so that it cited to the newly relocated lewd-conduct statute but did not otherwise modify § 18-1506 whatsoever. The Majority does not explain why the phrase "not amounting to lewd conduct" would mean something different before the 1984 amendment. Neither does it explain why changing a single *citation* within a statute would add an element to a crime. Instead, it is quite clear that the Legislature clarified the lewd-conduct provision in I.C. § 18-1508 to avoid constitutional vagueness issues, not to add an element to the definition of sexual abuse in I.C. § 18-1506.[7]

---

Even though a few cases had identified activity that was "lewd conduct," no case defined the outer limits of proscribed conduct. It would, of course, be impossible to know ahead of a prosecution the full realm of what the Legislature had meant for the lewd-conduct statute to apply to. *See State v. Schwartzmiller*, 107 Idaho 89, 94, 685 P.2d 830, 835 (1984) (3-2 decision) ("[I]t remains the law in Idaho that antiquated and poorly worded statutes criminalizing certain sexual acts adequately forewarn the people of this state—not because the statute itself is sufficient but because a variety of 3-2 opinions of the Idaho Supreme Court issued over 30 years supplied the deficiencies." (Bistline, J., dissenting)). It would therefore be nearly impossible for prosecutors in a wide range of cases to prove that a defendant charged with sexual abuse had not committed lewd conduct. This problem persists today, as I.C. § 18-1508 still does not state that the list of prohibited physical contact is an exclusive one.

[7] Indeed, the act that amended § 18-1506 was partially entitled, "Amending Section 18-1506, Idaho Code, to Provide a Correct Code Citation." 1984 Idaho Sess. Laws at 112.

Since applying the literal language of the sexual-abuse statute would lead to absurd results, the Court must construe the provision to give effect to the Legislature's intent. *State v. Urrabazo*, 150 Idaho 158, 161, 244 P.3d 1244, 1247 (2010) (citing *State v. Doe*, 147 Idaho 326, 327, 208 P.3d 730, 731 (2009)). When interpreting a statute, the most important aim is to ascertain the Legislature's intent when considering all the applicable statutes, the reasonableness of the proposed interpretations, the policy behind the statute, and the legislative history. *State v. Piña*, 149 Idaho 140, 144, 233 P.3d 71, 75 (2010).

Committee minutes leading up to the enactment of I.C. § 18-1506 show that its drafters intended "to fill what they perceive to be a gap in [the] present lewd and lascivious statute" by expanding the range of criminal conduct, i.e. sexual abuse, beyond that punishable as lewd conduct. S. Jud. & Rules Comm. Minutes, 46th Leg., 2d Sess., at 2 (Idaho Feb. 22, 1982); *see also* H. Jud., Rules & Admin. Comm. Minutes, 46th Leg., 2d Sess., at 3 (Idaho Mar. 19, 1982) (similar). The original Statement of Purpose for I.C. § 18-1506 stated that the new provision was to "provide a legal mechanism for the prosecution by county prosecuting attorneys, of child sexual abuse cases which do not fall within other criminal statutes *such as* lewd conduct." Statement of Purpose, S.B. 1405, 46th Leg., 2d Sess. (Idaho 1982) (emphasis added). Thus, the Legislature intended the "not amounting to" language to signal that the State could now prosecute crimes that previously did not qualify as lewd conduct but were other forms of sexual assault. It clearly did not intend to actually make it an element of sexual abuse, therefore requiring that the prosecutor prove the defendant's conduct was not lewd conduct.

The Legislature has always regarded sexual abuse as a lesser-included offense of lewd conduct, as has the Criminal Jury Instructions Committee. The Legislature has steadily widened the range of conduct to which I.C. § 18-1506 applies, viewing it as a broader, lesser-included offense of the more serious crime of lewd and lascivious conduct. For instance, in discussing a 1987 amendment to the statute, one committee member noted that the change was driven by "the need to expand the definition of activities which constitute sexual abuse of a child, to include additional actions within the definition of lewd and lascivious." H. Jud., Rules & Admin. Comm. Minutes, 49th Leg., 1st Sess., at 1 (Idaho Feb. 9, 1987); *see also* S. Jud. & Rules Comm. Minutes, 59th Leg., 2d Sess., at 3 (Idaho Feb.11, 2008) (noting that sexual abuse is "one step lower than a lewd and lascivious conduct charge"). The Legislature never intended to exclude from the definition of sexual abuse crimes that could also qualify as lewd conduct.

18

Further, lewd conduct has always been a very serious felony, carrying a maximum possible sentence of life in prison. I.C. § 18-6607 (1973); I.C. § 18-1508 (2011). By contrast, sexual abuse has always been a felony, but subject to a less severe punishment. I.C. § 18-1506(1) (1982) (stating that sexual abuse is a "felony"); I.C. § 18-1506(5) (2011) (stating that the maximum term of imprisonment is twenty-five years). The Legislature created a lesser-included offense by defining sexual abuse broadly and reserving the most serious punishments for the narrow class of particularly harmful sexual abuse punishable as lewd conduct.

Because sexual abuse of a minor can be a lesser-included offense of lewd conduct under the pleading theory, it was proper to allow the State to amend the indictment to add a charge for sexual abuse of a minor in this case, as the conduct for which Flegel was charged in both trials stemmed from the same incident. Since the Majority vacates Flegel's conviction on this issue, it does not reach other issues he raised on appeal. I therefore do not reach these issues, but write separately to explain only that I would affirm the district court's decision to allow the State to amend the indictment.